## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD WIDE, INC., 261 Rochester Ave., Brooklyn, New York, 11213 A District of Columbia Corporation <br><br> Plaintiff, <br><br> v. <br><br> CORNELIUS SHOWELL and LAWRENCE CAMPBELL, LYLE DUKES, JOSEPH SHOWELL, Individuals, and HARVEST LIFE CHANGERS WORLD MINISTRIES, A Virginia Corporation <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No.: 1:07-cv-01178 HHK

*JURY TRIAL DEMANDED*

## COMPLAINT

Plaintiff Bible Way Church of Our Lord Jesus Christ, Inc. (hereinafter "Plaintiff" or "The Church") files this Complaint involving false designation of origin, unfair competition, false advertising, and trademark infringement against Cornelius Showell, Lawrence Campbell, Lyle Dukes, Joseph Showell and Harvest Life Changers World Ministries (hereinafter "Showell," "Campbell," "Dukes," "J. Showell," "Harvest" or as a whole, "Defendants"). In support of its complaint, Plaintiff states as follows:

## THE PARTIES

1.      Plaintiff is a corporation, Bible Way Church of Our Lord Jesus Christ, Inc., duly organized and existing under the laws of the District of Columbia, having

offices and its principal place of business at 261 Rochester Ave., Brooklyn, New York, 11213.

2.    Upon information and belief, Cornelius Showell is an individual residing in Baltimore, Maryland who holds himself out as the "Chief Apostle and Presiding Bishop of The Bible Way Church of Our Lord Jesus Christ World Wide, Inc.", with an address of Office of the Presiding Bishop,  The Bible Way Church of Our Lord Jesus Christ World Wide, Inc., 20 S. Caroline St., Baltimore, Maryland, 21231.

3.    Upon information and belief, Lawrence Campbell is an individual residing at 151 Grant St., Danville, Virginia, 24541, with a mailing address of P.O. Box 842, Danville, Virginia, 24541, who has held himself out as the "Presiding Bishop of The Bible Way Church of Our Lord Jesus Christ World Wide, Inc."

4.    Upon information and belief, Joseph Showell is an individual residing at 4551 Benning Road S.E., Washington, D.C. 20019 who holds himself out as the "General Secretary of The Bible Way Church of Our Lord Jesus Christ World Wide, Inc."

5.    Upon information and belief, Harvest Life Changers World Ministries is a corporation organized and existing under the laws of the Commonwealth of Virginia, having offices and its registered agent, Lyle Dukes, at 14401 Telegraph Road, Woodbridge, Virginia, 22192, with a mailing address of P.O. Box 4514, Woodbridge, Virginia, 22194.

6.    Upon information and belief, Lyle Dukes is an individual residing in Woodbridge, Virginia, with a mailing address of P.O. Box 431, Woodbridge, Virginia, 22194, and is the pastor and registered agent for the corporation Harvest Life Changers World Ministries, located at 14401 Telegraph Road, Woodbridge, Virginia, 22192.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because it involves federal questions arising under the Trademark Act of 1946, as amended, 15 U.S.C. § 1 et seq., including §§ 1114(1), 1125(a) and (b). This Court has supplemental jurisdiction over the common law claims pursuant to 28 U.S.C. § 1367.

8.     Personal jurisdiction is proper under the District of Columbia's Long Arm Statute section 13.423(a)(4) because Defendants regularly do or solicit business in the District;  hold themselves out to be, and/or to be officers of, and/or to be affiliated with, a corporation incorporated in the District; persistently provide advertising over the Internet to users, consumers and advertisers in the District; and derive revenue from services rendered in the District.

9.     Personal jurisdiction is proper under the U.S. Constitution because Defendants' business in the District qualifies as sufficient minimum contacts between Defendants and the District such that exercise of personal jurisdiction would not offend due process.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because (i) Defendants conduct business in this judicial district and hold themselves out to be, and/or to be officers of, and/or to be affiliated with, a corporation incorporated in the District and (ii) Defendants' actions have injured Plaintiff, which is incorporated in this judicial district.

## FACTS

### Background

11.     Plaintiff is an organization of churches, started by Smallwood Williams, and incorporated in the District of Columbia in 1957.

12.     In 1991, Smallwood Williams, the first Presiding Bishop of The Church, passed away, and it was decided that two men, Huie Rogers and Lawrence Campbell, would each serve a three year term as Presiding Bishop of The Church, with Campbell serving the first term and Rogers the second, after which there would be an election to determine who would be Williams' official successor.

13.     On July 4, 1997, the General Assembly of The Church voted to retain Rogers and his administration for a "Sabbath" year, effectively delaying the elections for one year.

14.     Prior to the July 4, 1997 vote, while Rogers was Presiding Bishop, Campbell and several other members began holding secret separatist meetings and they boycotted meetings called by Rogers, in violation of The Church's Rules and Regulations.

15.     Further, after the July 4, 1997 vote, Campbell and several other members violated The Church's Rules and Regulations in several ways, including calling secret separatist meetings, submitting false documents to the United States Patent and Trademark Office, and submitting fraudulent documents to the District of Columbia Department of Consumer and Regulatory Affairs.

16.    Therefore, on November 20, 1997, pursuant to The Church's Rules and Regulations, Campbell, Showell, and several other bishops were expelled as members of The Church for these violations.

17.    Campbell and Showell are no longer members of The Church nor are they officers of the corporation which is The Church.  Nor are J. Showell, Dukes members of members The Church, nor are they officers of the corporation which is The Church. None of the Defendants have any authorized relationship or affiliation with The Church.

18.    Campbell and Showell have previously acknowledged that they are neither members of The Church nor officers of the corporation which is The Church.

**Plaintiff's Trademarks**

19.    Plaintiff is the owner of the Federal Trademark Registration for the mark BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD-WIDE INC., Registration No. 2,201,256, registered on November 3, 1998, with a first use date of 1957, for use in connection with "religious services, namely ministerial services, evangelical services, preaching services, conducting religious services, personal religious counseling."

20.    Plaintiff is the owner of the Federal Trademark Application for registration of the mark BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD WIDE INC AD 1957 and Design, Application No. 77/166,788, filed on April 26, 2007, with a first use date of 1957, for use in connection with "religious services, namely ministerial services, evangelical services, preaching services, conducting religious services," and a first use date of January 1, 2000 for use on "clothing."

21.    Plaintiff is the owner of the Federal Trademark Application for registration of the mark BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD WIDE and Design, Application No. 77/166,744, filed on April 26, 2007, with a first use date of January 1, 1958, for use in connection with "ministerial services."

**Defendants' Actions**

22.    Campbell and Showell are acting as religious leaders in their own church, which has similar, but not identical, ideology as The Church.  Upon information and belief, the ideology and beliefs of the religious organization led by Campbell and Showell has recently changed such that it is significantly different from the ideology and beliefs of The Church.

23.    The religious organization led by Campbell and Showell is unlawfully holding itself out to be the corporation "The Bible Way Church of Our Lord Jesus Christ World Wide, Incorporated."

24.    Showell is unlawfully holding himself out as "Presiding Bishop of The Bible Way Church of Our Lord Jesus Christ World Wide, Inc."

25.    Campbell unlawfully held himself out as "Presiding Bishop of The Bible Way Church of Our Lord Jesus Christ World Wide, Inc." since his expulsion from The Church, and as recently as April 2007.

26.    J. Showell is unlawfully holding himself out as "General Secretary of The Bible Way Church of Our Lord Jesus Christ World Wide, Inc."

27.    The religious organization led by Campbell and Showell is unlawfully using the name Bible Way Church of Our Lord Jesus Christ World Wide, Inc., which is

nearly identical to Plaintiff's Federally registered mark, BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD-WIDE INC.

28.    The religious organization led by Campbell and Showell is unlawfully using, or has unlawfully used, a logo that is identical to Plaintiff's mark, BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD WIDE and Design, to which Plaintiff owns the Federal Trademark Application.

29.    Upon information and belief, the religious organization led by Campbell and Showell is unlawfully using, or has unlawfully used, a logo that is identical to Plaintiff's mark, BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD WIDE INC AD 1957 and Design, to which Plaintiff owns the Federal Trademark Application.

30.    Further, the religious organization led by Campbell and Showell is making false and misleading statements, including claiming that their organization was started in 1957 in Washington, DC by Smallwood Williams, and that 2007 is their 50th convocation.

31.    The religious organization led by Campbell and Showell is operating a website with the domain name www.biblewayworldwide.org, which is confusingly similar to Plaintiff's Federally registered mark, BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD-WIDE INC.

32.    The domain name www.biblewayworldwide.org is registered to Lyle Dukes of Harvest Life Changers World Ministries.

33.     The website www.biblewayworldwide.org is unlawfully holding itself out as the website for the corporation "The Bible Way Church of Our Lord Jesus Christ World Wide, Incorporated."

34.     The website www.biblewayworldwide.org is unlawfully using the name Bible Way Church of Our Lord Jesus Christ World Wide, Inc., which is nearly identical to Plaintiff's Federally registered mark, BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD-WIDE INC.

35.     The website www.biblewayworldwide.org is unlawfully using, or has unlawfully used, a logo that is identical to Plaintiff's mark, BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD WIDE and Design, to which Plaintiff owns the Federal Trademark Application.

36.     The website www.biblewayworldwide.org is using, or has unlawfully used, a logo that is identical to Plaintiff's mark, BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD WIDE INC AD 1957 and Design, to which Plaintiff owns the Federal Trademark Application.

37.     Further, the website www.biblewayworldwide.org is making false and misleading statements, including claiming that the religious organization led by Campbell and Showell was started in 1957 in Washington, DC by Smallwood Williams, and that 2007 is that organization's 50th convocation.

38.     There is actual public confusion, and potential for further confusion, regarding the relationship between The Church and the religious organization led by Campbell and Showell, which has been caused by the misrepresentations made by

Campbell, Showell, members of their religious organization and on the website www.biblewayworldwide.org.

39.    There is a likelihood of future confusion among current and potential parishioners, as well as vendors and the general public regarding the relationship between The Church and the religious organization led by Campbell and Showell, which has been caused by the misrepresentations made by Campbell, Showell, members of their religious organization, and the website www.biblewayworldwide.org.

## COUNT ONE
### (Violation of Lanham Act § 43(a) –False Designation of Origin)
### (15 U.S.C. § 1125)

40.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 – 39 of this Complaint, and incorporates them herein.

41.    This claim is against Defendants for False Designation of Origin, for making false descriptions or representations of the origin of such services, including by words or symbols tending to falsely describe or represent, in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

42.    On information and belief, Defendants have made, and continue to make, false designations of the origin of their services, false and misleading descriptions and representations of facts, and made false descriptions and representations as to the services, the ownership of the trademark rights, and the very nature, affiliation, association and sponsorship of services, including on the website www.biblewayworldwide.org.

43.    On information and belief, at the time Defendants commenced the unlawful promotion of their religious organization as "The Bible Way Church of Our Lord Jesus Christ World-Wide, Inc.", their unlawful misrepresentation of historical facts

by claiming that they are somehow affiliated with, related to, or connected to the religious organization that was founded in 1957 by Smallwood Williams, and their misappropriation of Plaintiff's name and logos, Defendants knew of Plaintiff's adoption and widespread use of its name and logos, and knew of the valuable goodwill and reputation acquired by Plaintiff in connection with its services. Defendants nonetheless misappropriated and copied Plaintiff's distinctive name, logos, and historical identity.

44.     Defendants' unlawful misrepresentation of historical facts, their misappropriation of Plaintiff's name and logos, and misrepresentation of affiliation or association, is likely to cause confusion, mistake, and deception as to the affiliation, connection, association, sponsorship and/or origin of Defendants' services. Plaintiff is informed and believes that such misappropriation and misrepresentation has misled, and will continue to mislead, the public into believing that Defendants' counterfeit and infringing services are in some way connected to, sanctioned by or affiliated with Plaintiff.

45.     Defendants have knowingly, willfully, and deliberately, and with conscious disregard for Plaintiff's rights, promoted and provided in interstate commerce their organization and services using false versions of Plaintiff's name, marks, logos and historical identity.

46.     Defendants' unlawful misrepresentation of historical facts, their misappropriation of Plaintiff's name, identity and logos, and misrepresentation of affiliation or association, constitute a false description or representation of the origin of such services, including by words or symbols tending to falsely describe or represent, in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

47.    As a direct and proximate result of the wrongful acts of Defendants, Plaintiff has suffered and will continue to suffer injury to its organization, including but not limited to monetary injury due to diversion of parishioners from itself to Defendants as well as injury to its goodwill and reputation. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to damages for Defendants' Lanham Act violations, and accounting of profits made by Defendants resulting from their violations, as well as recovery of costs and reasonable attorneys' fees incurred in this action.

48.    Defendants' acts are willful, wanton, and calculated to deceive, and are undertaken in bad faith, making this an exceptional case entitling Plaintiff to recover additional damages and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

49.    Upon information and belief, Defendants will continue to engage in the wrongful acts alleged above unless enjoined by this Court pursuant to 15 U.S.C. § 1116.

50.    By reason of Defendants' acts of False Designation of Origin, Plaintiff has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Defendants from any further acts of False Designation of Origin. Defendants' continuing acts of False Designation of Origin, unless enjoined, will cause irreparable damage to Plaintiff in that it will have no adequate remedy at law to compel Defendants to cease such acts. Plaintiff will be compelled to prosecute a multiplicity of actions, one action each time Defendants commit such acts, and in each such action it will be extremely difficult to ascertain the amount of compensation which will afford Plaintiff adequate relief. Plaintiff is therefore entitled to a permanent injunction against further acts of False Designation of Origin by Defendants.

## COUNT TWO
## (Violation of Lanham Act § 43(a) – Unfair Competition)
## (15 U.S.C. § 1125)

51.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 – 50 of this Complaint, and incorporates them herein.

52.    Defendants – and/or their officers, agents, representatives, and employees – have made false and misleading representations about their connection to Plaintiff's organization and services. Specifically, Defendants have willfully traded upon and appropriated to themselves the reputation and valuable goodwill of Plaintiff by copying Plaintiff's name, marks and logos, such that the promotion of their services, including on the website www.biblewayworldwide.org, is so confusingly similar to Plaintiff's that Defendants' promotion of its services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants' organization and its services with Plaintiff's organization and its services.

53.    Defendants have caused their promotional materials and services to enter into interstate commerce.

54.    On information and belief, Defendants' activities have deceived, or are likely to deceive, a substantial portion of the consuming public, including present and future parishioners, as well as vendors, and such deception is material in that it is likely to influence the decisions of the consuming public.

55.    Defendants' conduct is in violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A)), and Plaintiff is entitled to injunctive relief and to monetary damages in an amount as yet undetermined but to be proven at trial.

56.     As a direct and proximate result of the wrongful acts of Defendants, Plaintiff has suffered and will continue to suffer injury to its organization, including but not limited to monetary injury due to diversion of parishioners from itself to Defendants as well as injury to its goodwill and reputation.  Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to damages for Defendants' Lanham Act violations, and accounting of profits made by Defendants resulting from their violations, as well as recovery of costs and reasonable attorneys' fees incurred in this action.

57.     Defendants' acts are willful, wanton, and calculated to deceive, and are undertaken in bad faith, making this an exceptional case entitling Plaintiff to recover additional damages and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

58.     Upon information and belief, Defendants will continue to engage in the wrongful acts alleged above unless enjoined by this Court pursuant to 15 U.S.C. § 1116.

59.     By reason of Defendants' acts of Unfair Competition, Plaintiff has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Defendants from any further acts of Unfair Competition.  Defendants' continuing acts of Unfair Competition, unless enjoined, will cause irreparable damage to Plaintiff in that it will have no adequate remedy at law to compel Defendants to cease such acts.  Plaintiff will be compelled to prosecute a multiplicity of actions, one action each time Defendants commit such acts, and in each such action it will be extremely difficult to ascertain the amount of compensation which will afford Plaintiff adequate relief.  Plaintiff is therefore entitled to a permanent injunction against further Unfair Competition by Defendants.

## COUNT THREE
### (Violation of Lanham Act § 43(a) – False Advertising)
### (15 U.S.C. § 1125)

60.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 – 59 of this Complaint, and incorporates them herein.

61.     Defendants' promotional materials and commercial advertising, including the website www.biblewayworldwide.org, contain materially false and misleading statements of fact and omissions regarding Defendants' organization and services.  These false and misleading material statements of fact and omissions misrepresent the qualities, characteristics and very nature of Defendants' services and they have the tendency to deceive a substantial segment of the consuming public and to influence their decisions.

62.     These false statements and omissions by Defendants constitute false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

63.     As a direct and proximate result of the wrongful acts of Defendants, Plaintiff has suffered and will continue to suffer injury to its organization, including but not limited to monetary injury due to diversion of parishioners from itself to Defendants as well as injury to its goodwill and reputation.  Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to damages for Defendants' Lanham Act violations, and accounting of profits made by Defendants resulting from their violations, as well as recovery of costs and reasonable attorneys' fees incurred in this action.

64.     Defendants' acts are willful, wanton, and calculated to deceive, and are undertaken in bad faith, making this an exceptional case entitling Plaintiff to recover additional damages and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

65.     Upon information and belief, Defendants will continue to engage in the wrongful acts alleged above unless enjoined by this Court pursuant to 15 U.S.C. § 1116.

66.     By reason of Defendants' acts of False Advertising, Plaintiff has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Defendants from any further acts of False Advertising.  Defendants' continuing acts of False Advertising, unless enjoined, will cause irreparable damage to Plaintiff in that it will have no adequate remedy at law to compel Defendants to cease such acts. Plaintiff will be compelled to prosecute a multiplicity of actions, one action each time Defendants commit such acts, and in each such action it will be extremely difficult to ascertain the amount of compensation which will afford Plaintiff adequate relief. Plaintiff is therefore entitled to a permanent injunction against further False Advertising by Defendants.

## COUNT FOUR
### (Violation of Lanham Act § 32 – Trademark Infringement)
### (15 U.S.C. § 1114)

67.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 – 66 of this Complaint, and incorporates them herein.

68.     This cause of action is for infringement of the federally registered mark as listed above, pursuant to 15 U.S.C. § 1114.

69.     Defendants' use of the names Bible Way Church of Our Lord Jesus Christ World Wide, Inc. and Bible Way Church of Our Lord Jesus Christ World Wide, Incorporated, and logos which incorporate those names, in the United States are nearly identical to and confusingly similar to the Plaintiff's registered mark BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD-WIDE, INC.  The services on or

in connection with which Defendants are using the mark are nearly identical to services which Plaintiff provides.

70.    Defendants' use of the domain name www.biblewayworldwide.org in the United States is confusingly similar to the Plaintiff's registered mark BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD-WIDE, INC.  The services on or in connection with which Defendants are using the mark are nearly identical to services which Plaintiff provides.

71.    Defendants willful and unauthorized use of Plaintiff's mark has infringed Plaintiff's rights and caused consumers within this judicial district and elsewhere to be confused, mistaken, and/or deceived as to the nature of the source or affiliation of services connected with the marks.  The infringement and related confusion, mistake and deception will continue if Defendants' use is not enjoined.

72.    Defendants' acts constitute Federal Trademark Infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

73.    As a direct and proximate result of the wrongful acts of Defendants, Plaintiff has suffered and will continue to suffer injury to its organization, including but not limited to monetary injury due to diversion of parishioners from itself to Defendants as well as injury to its goodwill and reputation.  Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to damages for Defendants' Lanham Act violations, and accounting of profits made by Defendants resulting from their violations, as well as recovery of costs and reasonable attorneys' fees incurred in this action.

74.     Defendants' acts are willful, wanton, and calculated to deceive, and are undertaken in bad faith, making this an exceptional case entitling Plaintiff to recover additional damages and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

75.     Upon information and belief, Defendants will continue to engage in the wrongful acts alleged above unless enjoined by this Court pursuant to 15 U.S.C. § 1116.

76.     By reason of Defendants' acts of Trademark Infringement, Plaintiff has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Defendants from any further acts of Trademark Infringement. Defendants' continuing acts of Trademark Infringement, unless enjoined, will cause irreparable damage to Plaintiff in that it will have no adequate remedy at law to compel Defendants to cease such acts. Plaintiff will be compelled to prosecute a multiplicity of actions, one action each time Defendants commit such acts, and in each such action it will be extremely difficult to ascertain the amount of compensation which will afford Plaintiff adequate relief. Plaintiff is therefore entitled to a permanent injunction against further Trademark Infringement by Defendants.

### COUNT FIVE
### (Violation of Lanham Act § 43(a) – Trademark Infringement)
### (15 U.S.C. § 1125)

77.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 – 76 of this Complaint, and incorporates them herein.

78.     This cause of action is for infringement of the plaintiff's trademarks as listed above, pursuant to 15 U.S.C. § 1125.

79.     Defendants' use of the names Bible Way Church of Our Lord Jesus Christ World Wide, Inc. and Bible Way Church of Our Lord Jesus Christ World Wide,

Incorporated, and logos which incorporate and/or are confusingly similar to the marks, in the United States are nearly identical to and confusingly similar to the Plaintiff's mark BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD-WIDE, INC. The services on or in connection with which Defendants are using the mark are nearly identical to services which Plaintiff provides.

80.    Defendants' use of the mark BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD WIDE INC AD 1957 and Design in the United States is identical to and thus confusingly similar to the mark BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD WIDE INC AD 1957 and Design, which Plaintiff has used for at least seven years. The services on or in connection with which Defendants are using the mark are nearly identical to services which the Plaintiff provides.

81.    Defendants' use of the mark BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD WIDE INC and Design in the United States is identical to and thus confusingly similar to the mark BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD WIDE INC and Design, which Plaintiff has used for nearly fifty years. The services on or in connection with which Defendants are using the mark are nearly identical to services which the Plaintiff provides.

82.    Defendants' use of the domain name www.biblewayworldwide.org in the United States is confusingly similar to the Plaintiff's marks as listed above. The services on or in connection with which Defendants are using the mark are nearly identical to services which Plaintiff provides.

83.    Defendants willful and unauthorized use of Plaintiff's marks has infringed Plaintiff's rights and caused consumers within this judicial district and elsewhere to be

confused, mistaken, and/or deceived as to the nature of the source or affiliation of services connected with the marks.  The infringement and related confusion, mistake and deception will continue if Defendants' use is not enjoined.

84.     Defendants' acts constitute Federal Trademark Infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

85.     As a direct and proximate result of the wrongful acts of Defendants, Plaintiff has suffered and will continue to suffer injury to its organization, including but not limited to monetary injury due to diversion of parishioners from itself to Defendants as well as injury to its goodwill and reputation.  Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to damages for Defendants' Lanham Act violations, and accounting of profits made by Defendants resulting from their violations, as well as recovery of costs and reasonable attorneys' fees incurred in this action.

86.     Defendants' acts are willful, wanton, and calculated to deceive, and are undertaken in bad faith, making this an exceptional case entitling Plaintiff to recover additional damages and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

87.     Upon information and belief, Defendants will continue to engage in the wrongful acts alleged above unless enjoined by this Court pursuant to 15 U.S.C. § 1116.

88.     By reason of Defendants' acts of Trademark Infringement, Plaintiff has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Defendants from any further acts of Trademark Infringement. Defendants' continuing acts of Trademark Infringement, unless enjoined, will cause irreparable damage to Plaintiff in that it will have no adequate remedy at law to compel Defendants to cease such acts.  Plaintiff will be compelled to prosecute a multiplicity of

actions, one action each time Defendants commit such acts, and in each such action it will be extremely difficult to ascertain the amount of compensation which will afford Plaintiff adequate relief. Plaintiff is therefore entitled to a permanent injunction against further Trademark Infringement by Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment that:

1.  Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participating with any of them, preliminarily and thereafter, be permanently enjoined:

    a.   from committing any further acts of false designation of origin, unfair competition, false advertising, trademark infringement and commercial misappropriation;

    b.   from using any term which is likely to be confused with Plaintiff's trademarks asserted herein;

    c.   from committing any other acts calculated to cause consumers and the general public to believe that Defendants' services are Plaintiff's, and from competing unfairly with Plaintiff in any manner;

    d.   from using the Plaintiff's marks in any way in the conduct of its organization, advertising, and in promoting its organization;

    e.   from claiming that it is the religious organization founded by Smallwood Williams in Washington, DC in 1957;

    f.   from committing commercial misappropriation of Plaintiff's name or identity under common law;

g.    from using the domain name www.biblewayworldwide.org or any similar domain name, including but not limited to, www.biblewayworldwide.com or www.biblewayworldwide.net.

2.    For a judgment that Defendants have willfully and deliberately committed acts of trademark infringement, false designation of origin, false advertising, unfair competition, and commercial misappropriation.

3.    For an order transferring ownership and control of the registration for the domain name www.biblewayworldwide.org to Plaintiff.

4.    For monetary damages Plaintiff has incurred as a result of Defendants' infringements and an accounting and disgorgement of Defendants', and all those in active concert with Defendants, revenues and profits from its infringing activity, in amounts to be proven at trial.

5.    For monetary damages as a result of Defendants' unfair competition, in an amount to be proven at trial.

6.    For trebling of the actual profits of Defendants and all those in active concert with Defendants, and/or trebling of Plaintiff's damages with regard to Defendants' false designation of origin, false advertising, unfair competition, trademark violations, and commercial misappropriation.

7.    For exemplary and punitive damages.

8.    For Defendants to pay Plaintiff an allowance for reasonable attorneys' fees.

9.    For Defendants to pay Plaintiff the costs and disbursements of this action.

10. For Plaintiff to receive such other and further equitable relief as the Court may deem appropriate.

## JURY DEMAND

The Church requests a jury trial.

Respectfully submitted,

Roger Colaizzi
D.C. Bar No. 414025
Venable LLP
575 7th Street, N.W.
Washington, D.C.  20004-1601
Tel:  (202) 344-4000
Fax:  (202) 344-8300

Attorneys for Plaintiff

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Bible Way Church of Our Lord Jesus Christ World Wide, Inc. | Cornelius Showell, Lawrence Campbell, Lyle Dukes, Joseph Showell, Harvest Life Changers World Ministries |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___11001___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) ___88888 - Baltimore___
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Roger Colaizzi
Venable LLP
575 7th St. NW
Washington, D.C. 20003
202-344-8051

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ A. Antitrust
☐ 410 Antitrust

○ B. Personal Injury/ Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

◉ E. General Civil (Other)　　OR　　○ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☒ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans<br>(excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 Americans w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI.  CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

Violation of Lanham Act sections 43(a), 32 -- 15 U.S.C. 1125, 1114, including trademark infringement, false advertising, false designation of origin

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $** _____    Check YES only if demanded in complaint    **JURY DEMAND:**    YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐   NO ☐   If yes, please complete related case form.

DATE  *6/29/2007*    SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.