## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD WIDE, INC., <br><br> Plaintiff, <br><br> v. <br><br> CORNELIUS SHOWELL and LAWRENCE CAMPBELL, LYLE DUKES, JOSEPH SHOWELL, Individuals, and HARVEST LIFE CHANGERS WORLD MINISTRIES, A Virginia Corporation, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) CA No.: 1:07-cv-01178 (HHK) |

## DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants Cornelius Showell, Lawrence Campbell, Lyle Dukes, Joseph Showell, and Harvest Life Changers Ministries ("Defendants"), by counsel, hereby move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. The grounds for this Motion are set forth in the accompanying Statement of Points and Authorities.

WHEREFORE, Defendants respectfully request that this Court dismiss the Complaint with prejudice and grant such other and further relief as this Court deems just and appropriate.

Respectfully Submitted,

_____ /s/ _____
David B. Bergman DC Bar # 435392
Kwame A. Clement DC Bar #467377
Catherine Rowland DC Bar # 480098
Jordan Esbrook DC Bar # 501269
ARNOLD & PORTER LLP
555 12TH Street, NW
Washington, DC  20004
Tel: (202) 942 5000
Fax: (202) 942 5999
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of December, 2007, I caused a true and correct copy of the foregoing DEFENDANTS' MOTION TO DISMISS and accompanying STATEMENT OF POINTS AND AUTHORITIES to be served via electronic filing and via first-class mail, postage prepaid, upon the following:

Roger Colaizzi, Esq.
575 7th Street, NW
Washington, DC  20004

_____/s/_____
Kwame A. Clement

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD WIDE, INC., <br><br>               Plaintiff, <br><br>      v. <br><br> CORNELIUS SHOWELL and LAWRENCE CAMPBELL, LYLE DUKES, JOSEPH SHOWELL, Individuals, and HARVEST LIFE CHANGERS WORLD MINISTRIES, A Virginia Corporation, <br><br>               Defendants. | CA No.: 1:07-cv-01178 (HHK) |

**STATEMENT OF POINTS AND AUTHORITIES OF DEFENDANTS CORNELIUS SHOWELL, LAWRENCE CAMPBELL, LYLE DUKES, JOSEPH SHOWELL, AND HARVEST LIFE CHANGERS WORLD MINISTRIES IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendants Cornelius Showell,[1] Lawrence Campbell, Lyle Dukes, Joseph Showell, and Harvest Life Changers World Ministries (collectively, the "Defendants"), through their undersigned counsel, respectfully submit this Statement of Points and Authorities in support of their Motion to Dismiss for Lack of Personal Jurisdiction.[2]

### INTRODUCTION

Plaintiff is a New York resident, with its offices and principal place of business in Brooklyn, New York. It seeks to force Defendants, residents of Delaware, Maryland, and Virginia, to defend themselves in the District of Columbia. There are no legally sufficient

---

[1] Cornelius Showell's full name is Franklin Cornelius Showell. This Statement of Points and Authorities refers to him as Cornelius Showell in keeping with the Complaint.

[2] Defendants respectfully request oral argument on their Motion to Dismiss.

connections between the District of Columbia and any of these out-of-state Defendants to support the Court's exercise of personal jurisdiction. None of the Defendants conducts or transacts business or otherwise has any of the minimum contacts with the District necessary to invoke the jurisdiction of this Court. Accordingly, Plaintiff is unable to plead facts sufficient to meet its burden of establishing personal jurisdiction over Defendants. The Court should thus dismiss this action against Defendants for lack of personal jurisdiction.

## STATEMENT OF UNDISPUTED JURISDICTIONAL FACTS[3]

1.      None of the Defendants is a resident of or domiciled in the District of Columbia. Cornelius Showell ("C. Showell") Declaration at ¶ 2, attached as Exhibit A; Lawrence Campbell ("Campbell") Declaration at ¶ 1, attached as Exhibit B; Lyle Dukes ("Dukes") Declaration at ¶ 1, attached as Exhibit C; Joseph Showell ("J. Showell") Declaration at ¶ 2, attached as Exhibit D; Harvest Life Changers World Ministries ("Harvest Life Changers") Declaration at ¶ 3, attached as Exhibit E. *But see* Compl. at ¶¶ 2-6.

2.      Cornelius Showell is a resident of the State of Maryland. C. Showell Decl. at ¶ 2. He does not conduct or transact business in the District of Columbia. C. Showell Decl. at ¶ 3. He is not engaged in any persistent course of conduct in the District of Columbia nor does he derive substantial revenue from the District of Columbia. C. Showell Decl. at ¶¶ 4-5.

3.      Lawrence Campbell is a resident of the Commonwealth of Virginia. Campbell Decl. at ¶ 1. He does not conduct or transact business in the District of Columbia. Campbell

---

[3] The Court may consider information outside of the pleadings in connection with a motion to dismiss for lack of personal jurisdiction. *See, e.g., United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000).

Decl. at ¶ 3.  He is not engaged in any persistent course of conduct in the District of Columbia

nor does he derive substantial revenue from the District of Columbia.  Campbell Decl. at ¶¶ 4-5.

4.      Lyle Dukes is a resident of the Commonwealth of Virginia. Dukes Decl. at ¶ 1.

He does not conduct or transact business in the District of Columbia. Dukes Decl. at ¶ 3.  He is

not engaged in any persistent course of conduct in the District of Columbia nor does he derive

substantial revenue from the District of Columbia. Dukes Decl. at ¶¶ 4-5.

5.      Joseph Showell is a resident of the State of Maryland.  J. Showell Decl. at ¶ 2.  He

does not conduct or transact business in the District of Columbia. J. Showell Decl. at ¶ 3.  He is

not engaged in any persistent course of conduct in the District of Columbia nor does he derive

substantial revenue from the District of Columbia. J. Showell Decl. at ¶¶ 5-6.

6.      Harvest Life Changers World Ministries is a Delaware corporation with its

principal place of business in Woodbridge, Virginia.  Harvest Life Changers Decl. at ¶ 3.

Harvest Life Changers promotes and advertises its services nationally and does not target its

activities toward the District of Columbia.  Harvest Life Changers Decl. at ¶ 5.  It is not engaged

in any persistent course of conduct in the District of Columbia nor does it derive substantial

revenue from the District of Columbia.  Harvest Life Changers Decl. at ¶¶ 6-7.

7.      None of the allegations of the Complaint arises from Defendants' personal

contacts with the District of Columbia or has any relationship to it.

8.      None of the Defendants consents to the exercise of personal jurisdiction of this

Court. C. Showell Decl. at ¶ 6; Campbell Decl. at ¶ 6; Dukes Decl. at ¶ 7; J. Showell Decl. at

¶ 6; Harvest Life Changers Decl. at ¶ 8.

## THE LEGAL STANDARD

In order for a plaintiff to maintain a lawsuit against non-resident defendants in the District of Columbia, it must establish that jurisdiction is proper pursuant to the District of Columbia's long-arm statute and that such jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. *Jones v. City of Buffalo*, 901 F. Supp. 19, 21 (D.D.C. 1995) (burden of proof is on plaintiff to show that defendant is subject to personal jurisdiction under District of Columbia's long-arm statute); *Deutsch v. U.S. Dep't of Justice*, 881 F. Supp. 49, 52 (D.D.C. 1995) (District of Columbia's long-arm statute "is the only basis upon which personal jurisdiction may be obtained over defendants who do not reside within or maintain a principal place of business in the District of Columbia").

To meet this burden, a plaintiff may not rely on bare allegations or conclusory statements, but must make at least a prima facie showing of the factual basis for the exercise of jurisdiction if it is to avoid dismissal. *Islamic Am. Relief Agency v. Unidentified FBI Agents*, 394 F. Supp. 2d 34, 56 (D.D.C. 2005); *Novak-Canzeri v. Saud*, 864 F. Supp. 203, 205 (D.D.C. 1994). Moreover, "[w]hen considering personal jurisdiction, the Court need not treat all of the plaintiff's allegations as true." *Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 42 (D.D.C. 2003). "Instead, the court 'may receive and weigh affidavits and other relevant matter to assist in determining the jurisdictional facts.' " *Id.* (citation omitted). Thus, when affidavits or declarations call a plaintiff's allegations into question, the plaintiff must produce countervailing evidence sufficient to create a factual dispute. *Naegele v. Albers*, 355 F. Supp. 2d 129, 136 & n.3 (D.D.C. 2005). If there is no genuine factual dispute, the Court should find that it has no personal jurisdiction over the defendants. *See id.* at 139 (granting dismissal because plaintiff failed "to shoulder his burden").

4

## ARGUMENT

### The District of Columbia Long-Arm Statute Does Not Vest This Court With Personal Jurisdiction Over Defendants

Plaintiff relies only on section 13-423(a)(4) of the District of Columbia long-arm statute as the statutory basis for this Court's exercise of personal jurisdiction over Defendants. *See* Compl. at ¶ 8. Section 13-423(a)(4) affords personal jurisdiction over an out-of-state defendant when a tortious act that is committed outside of the District of Columbia causes injury inside the District of Columbia. D.C. Code § 13-423(a)(4). However, jurisdiction under this section is limited to situations where the defendant (1) regularly does or solicits business in the District of Columbia; (2) engages in any other persistent course of conduct in the District of Columbia; or (3) derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia. *Id.*; *see also Akbar v. New York Magazine Co.*, 490 F. Supp. 60, 63 (D.D.C. 1980) (to acquire jurisdiction under section 13-423(a)(4), three requirements must be met: (1) a tortious injury within the District of Columbia caused by (2) defendant's act or omission outside the District of Columbia (3) if the defendant had one of the "minimum contacts" with the District of Columbia enumerated in the statutory provision).

Defendants have none of the contacts with the District necessary to satisfy the requirements of section 13-423(a)(4). They do not solicit, conduct, or transact business in the District. They are not engaged in any persistent course of conduct in the District, nor do they derive substantial revenue from the District. C. Showell Decl. at ¶¶ 3-5; Campbell Decl. at ¶¶ 3-5; Dukes Decl. at ¶¶ 3-5; J. Showell Decl. at ¶¶ 3-5; Harvest Life Changers Decl. at ¶¶ 5-7. Although Plaintiff's Complaint conclusorily recites the requirements of section 13-424(a)(4), it fails to make a *prima facie* showing of the factual basis required for the exercise of jurisdiction

over any of the Defendants. At its core, the Complaint alleges that personal jurisdiction exists because Defendants purportedly (1) persistently provide Internet advertising to users and consumers in the District of Columbia and (2) hold themselves out to be officers of, or affiliated with, a corporation incorporated in the District. Compl. at ¶ 8. We address below each of these allegations, neither of which provides a basis to subject Defendants to the jurisdiction of this Court.

### Defendants' Alleged Internet Advertising Does Not Provide A Basis For Personal Jurisdiction

The allegations in the Complaint regarding Defendants' purported Internet advertising are not sufficient to vest the Court with personal jurisdiction over Defendants. The only specific allegations in the Complaint regarding Defendants' Internet activities are that Defendants operate an Internet website with the domain name www.biblewayworldwide.org and that Defendants promote their services on the website. *See, e.g.*, Compl. at ¶¶ 31, 61. As a threshold matter, contrary to the allegations in the Complaint, the www.biblewayworldwide.org domain name is not registered to Defendant Lyle Dukes. *See* Dukes Decl. at ¶ 6. Further, even if the website and its content were attributable to any of the Defendants, Plaintiff has not alleged and cannot allege facts sufficient to demonstrate that the website satisfies the requirements for personal jurisdiction over the Defendants.

Courts addressing the issue of whether a defendant's conduct over the Internet may provide a basis for personal jurisdiction have categorized Internet use into a spectrum of three areas. *First*, "there are situations where a defendant clearly does business over the Internet by entering into contracts with residents of other states which 'involve the knowing and repeated transmission of computer files over the Internet . . . .' " *Mink v. AAAA Dev. LLC*, 190 F.3d

6

333, 336 (5th Cir. 1999) (quoting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp.

1119, 1124 (W.D. Pa. 1997)).  In such situations, "personal jurisdiction is proper." *Id.*

(citing *Zippo Mfg.*, 952 F. Supp. at 1124 (citing *CompuServe, Inc v. Patterson*, 89 F.3d 1257

(6th Cir. 1997))).  *Second*, "there are situations where a defendant merely establishes a

passive website that does nothing more than *advertise* on the Internet.  With passive websites,

personal jurisdiction is not appropriate." *Id.* (citing *Zippo Mfg.*, 952 F. Supp. at 1124 (citing

*Bensusan Rest. Corp. v. King*, 937 F. Supp. 295 (S.D.N.Y. 1996), *aff'd*, 126 F.3d 25 (2d

Cir. 1997)) (emphasis added)).  *Finally*, there are situations that represent a "middle ground,"

"where a defendant has a website that allows a user to exchange information with a host

computer." *Id.*  In this third category, "'the exercise of jurisdiction is determined by the level

of interactivity and commercial nature of the exchange of information that occurs on the

Website.'" *Id.* (citing *Zippo Mfg.*, 952 F. Supp. at 1124 (citing *Maritz, Inc. v. Cybergold,

Inc.*, 947 F. Supp. 1328 (E.D. Mo. 1996))).

  Courts in this Circuit have adopted the interactivity analysis to determine whether a

defendant's Internet activities render him subject to personal jurisdiction in the District of

Columbia.  In *GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1349-50 (D.C.

Cir. 2000), the District of Columbia Circuit reversed a lower court's finding that a website that

did nothing more than advertise the defendants' services was "highly interactive" and therefore

brought the defendants within the jurisdiction of the court because it was "accessible" by

residents of the District. *Id.* at 1348-49.  The circuit court found access to a website to be

"nothing more than a telephone call by a District resident to the defendants' computer servers, all

of which [were] operated outside of the District." *Id.*  Because "mere receipt of telephone calls

outside the District does not constitute persistent conduct 'in the District,'" the court reasoned

that accessing a website on which a defendant merely advertises its services and products

similarly should not satisfy the requirements of the long-arm statute. *Id.* at 1350 (citing

*Tavoulareas v. Comnas*, 720 F.2d 192, 194 (D.C. Cir. 1983)). Accordingly, the D.C. Circuit

held in *GTE* that allegations that the defendants' website was designed to divert users away from

the plaintiff's website were insufficient to justify the exercise of personal jurisdiction over the

defendants. *Id.*

Similarly, in *Kline v. Williams*, 2006 WL 758459, at *4-6 (D.D.C. 2006), the court held

that the mere posting of allegedly "infringing" materials on a website accessible by residents of

the District did not rise to the level of contacts required for the exercise of personal jurisdiction

over a non-resident defendant. Rather, the court held that to render its owners subject to personal

jurisdiction a website must be "interactive" in that "at the very least [it] allow[s] 'browsers to

interact directly with the web site on some level.'" *Id.* at **1, 4 (citing *Blumenthal v. Drudge*,

992 F. Supp. 44, 56 (D.D.C. 1998) and holding that plaintiff had "insufficiently pled grounds

upon which personal jurisdiction may rest").

As the court in *GTE* noted, other circuits that have directly addressed the effect on

personal jurisdiction of maintaining a website have reached the same conclusion. *See GTE*, 1999

F.3d at 1347-49 (discussing cases). For example, in *Mink*, the Fifth Circuit held that the fact that

the Defendant advertised purportedly infringing materials on a website accessible to residents of

the forum state was insufficient to support a finding of personal jurisdiction. 190 F.3d at 336-37.

The court noted that there was no evidence that the website allowed the defendant to do anything

but reply to email that website visitors initiated. *Id.* at 367. Moreover, the website was not

interactive enough to allow customers to make purchases online, instructing them instead to

remit completed orders by regular mail or fax. *Id.*

8

In *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997), which involved a copyright dispute between two companies using the same name on the Internet, the Ninth Circuit also applied the interactive analysis. The court concluded that the mere maintenance of a website that provided the public with information about the defendants' services did not establish a persistent course of conduct by the owner with the forum state for purposes of personal jurisdiction. *Cybersell*, 130 F.3d at 420. Significantly, the Ninth Circuit refused to go further in its analysis "solely on the footing that [the plaintiff] has alleged trademark infringement over the Internet by [the defendant's] use of the registered name 'Cybersell' on an essentially passive web page advertisement." *Id.* The court noted that if a passive website supported personal jurisdiction, "[e]very complaint arising out of alleged trademark infringement on the Internet would automatically result in personal jurisdiction wherever the plaintiff's principal place of business is located," which would not comport with traditional notions of fair play. *Id.*

Applying these precedents to the facts presented, it is clear that the Bible Way website provides no basis for this Court's exercise of personal jurisdiction over the Defendants. In order to carry its burden of proving that the Bible Way website brings the Defendants within the jurisdiction of this Court, Plaintiff must show that the Defendants have done something more than merely place allegedly infringing materials or advertise on the Internet or make the Bible Way website accessible to residents of the District. Plaintiff must show that Defendants have created a highly interactive website through which they enter "into contracts" with residents of the District that "involve the knowing and repeated transmission of computer files over the Internet." *Zippo Mfg.*, 952 F. Supp. at 1124; *Mink*, 190 F.3d at 336; *see also GTE*, 199 F.3d at 1349 (finding that access to a website that features allegedly infringing material does not show a "persistent course of conduct" within the meaning of the long-arm statute); *Kline*, 2006 WL

9

758459, at *4 (finding no personal jurisdiction when plaintiff had failed to allege non-Internet contacts and defendant's sole link to the District was websites accessible in the District).

Plaintiff cannot meet this burden. This case does not fall into the spectrum of cases in which a defendant clearly conducts business over the Internet, nor does it even fall into the middle spectrum of interactivity in which the defendant and users exchange information through the Internet. Rather, the Bible Way website, hosted on servers located outside the District of Columbia, is fundamentally a passive Internet home page. *See* Webmaster Declaration at ¶¶ 5-8, attached as Exhibit F, and Exhibit 1 thereto. The website, which is accessible to visiting browsers worldwide, is primarily devoted to the posting of information about Bible Way, including information about its officials, address, telephone numbers, history, mission, beliefs, and upcoming events. Webmaster Decl. at ¶ 9 and Exhibit 1 thereto. The website also lacks other forms of interactivity cited by courts in support of personal jurisdiction. For example, it does not allow consumers to order or purchase any goods or merchandise online. Webmaster Decl. at ¶ 8 and Exhibit 1 thereto; *see Stomp, Inc. v. NeatO LLC*, 61 F. Supp. 2d 1074, 1078 & n.7 (C.D. Cal. 1999) (describing consumers' ability to purchase and pay for products online as a factor); *see also Mink*, 190 F.3d at 337 (holding "the presence of an electronic mail access, a printable order form, and a toll-free phone number on a website . . . insufficient to establish personal jurisdiction").

Given the facts presented, Plaintiff's theory of jurisdiction is similar to the theory rejected by virtually all of the Circuits (including this Circuit in the *GTE* case) that have addressed the issue whether a defendant's conduct over the Internet is sufficient to bring him within the jurisdiction of a court. Accordingly, this Court should find that Defendants' website, even if

10

accessible by residents of the District of Columbia, does not constitute sufficient contacts with the District within the meaning of the long-arm statute.

### Defendants' Alleged Internet Activities Do Not Satisfy The Minimum Contacts Requirement Of The Due Process Clause

Even if a defendant's conduct satisfies the requirements for personal jurisdiction under the District of Columbia long-arm statute, a court must decide whether the exercise of personal jurisdiction would be consistent with the Due Process Clause of the U.S. Constitution. *Kline*, 2006 WL 758459, at *2. Defendants' alleged Internet activities, including advertising they purportedly conducted over the Internet, do not constitute the "minimum contacts" with the District of Columbia that are necessary for this Court to exercise jurisdiction over them in keeping with the Due Process Clause. The minimum contacts requirement of the Due Process Clause exists, in part, to give "a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *World-Wide Volkswagen Corp.*, 444 U.S. 286, 297 (1980). Accordingly, for personal jurisdiction to exist the " 'defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there.' " *Kline*, 2006 WL 758459, at *5 (quoting *World-Wide Volkswagen*, 444 U.S. at 297).

In the context of the Internet, which is accessible by users worldwide, Plaintiff's "expansive" theory of jurisdiction—that a defendant is subject to jurisdiction in a forum merely because it advertises on a website accessible by the forum state's residents—"would shred these constitutional assurances out of practical existence." *GTE*, 199 F.3d at 1350. It would mean that "personal jurisdiction in Internet-related cases would almost always be found in any forum

in the country," a result that would "vitiate long-held and inviolate principles of federal court jurisdiction." *Id.*

### Contacts With The District of Columbia By A Corporation With Which Defendants May Be Affiliated Provide No Basis For Personal Jurisdiction Over Defendants

This Court may not exercise personal jurisdiction over Defendants merely because, as Plaintiff alleges, they hold themselves out to be officers of, or affiliated with, a corporation incorporated in the District. *See* Complaint at ¶ 8. It is well settled that personal jurisdiction over a corporation does not, *ipso facto*, confer jurisdiction over officers of that corporation in their personal capacities. *See generally Keeton v. Hustler Magazine*, 465 U.S. 770, 781 n.13 (1984); *see also Shaffer v. Heitner*, 433 U.S. 186, 215-16 (1977). A corporation's contacts with the District of Columbia are not imputed to the individual acting on behalf of the corporation. *See, e.g., Overseas Partners, Inc. v. Progen Musavirlik ve Yonetim Hizmetleri, Ltd. Sikerti*, 15 F. Supp. 2d 47, 51 (D.D.C. 1998) ("A court does not have jurisdiction over individual officers and employees of a corporation just because the court has jurisdiction over the corporation."); *see also Wiggins v. Equifax, Inc.*, 853 F. Supp. 500, 503 (D.D.C. 1994); *Richard v. Bell Atl. Corp.*, 976 F. Supp. 40, 49-50 (D.D.C. 1997). Rather, "[p]ersonal jurisdiction over officers of a corporation in their individual capacities must be based on their personal contacts with the forum, not their acts and contacts carried out solely in a corporate capacity." *Id.* (citation omitted).

As set forth in their Declarations, neither Defendants Cornelius Showell, Lawrence Campbell, Lyle Dukes, nor Joseph Showell has any personal contacts with the District of Columbia sufficient to justify the exercise of personal jurisdiction over any of them by this Court. Thus, even assuming, as Plaintiff alleges, that these Defendants hold themselves out to be

officers of, or affiliated with, a corporation incorporated in the District, such conduct cannot provide a basis for the exercise of personal jurisdiction over them.

## CONCLUSION

For the reasons set forth above, there is no basis for exercising jurisdiction over Defendants Cornelius Showell, Lawrence Campbell, Lyle Dukes, Joseph Showell, or Harvest Life Changers World Ministries under the District of Columbia long-arm statute. There is also no basis for exercising jurisdiction over Defendants Cornelius Showell, Lawrence Campbell, Lyle Dukes, or Joseph Showell by virtue of their purported affiliation or positions with a corporation incorporated in the District of Columbia. Accordingly, it is respectfully requested that this Court dismiss the Complaint against Defendants Cornelius Showell, Lawrence Campbell, Lyle Dukes, Joseph Showell, and Harvest Life Changers World Ministries for lack of personal jurisdiction over them.

Respectfully submitted,

_____/s/_____
David B. Bergman DC Bar # 435392
Kwame A. Clement DC Bar #467377
Catherine Rowland DC Bar # 480098
Jordan Esbrook DC Bar # 501269
ARNOLD & PORTER LLP
555 12TH Street, NW
Washington, DC  20004
Tel: (202) 942 5000
Fax: (202) 942 5999
*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD WIDE, INC., <br><br>         Plaintiff, <br><br>         v. <br><br> CORNELIUS SHOWELL and LAWRENCE CAMPBELL, LYLE DUKES, JOSEPH SHOWELL, Individuals, and HARVEST LIFE CHANGERS WORLD MINISTRIES, A Virginia Corporation <br><br>         Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )    CA No.: 1:07-cv-01178 <br>        (HHK) |

**[PROPOSED] ORDER**

Upon consideration of the Motion to Dismiss for Lack of Personal Jurisdiction filed by the Defendants, Cornelius Showell, Lawrence Campbell, Lyle Dukes, Joseph Showell, and Harvest Life Changers Ministries; the Statement of Points and Authorities in Support thereof; the Opposition thereto filed by Plaintiff Bible Way Church of Our Lord Jesus Christ World Wide, Inc.; and the applicable law and Rules of this Court; it is hereby:

**ORDERED** that the Motion is GRANTED and that the Complaint is dismissed, with prejudice, against the Defendants, Cornelius Showell, Lawrence Campbell, Lyle Dukes, Joseph Showell, and Harvest Life Changers Ministries.

 

_____
Judge

Dated: _____, 2007

# Exhibit 1



# THE BIBLE WAY
## CHURCH OF OUR LORD JESUS CHRIST
### WORLDWIDE, INCORPORATED





## About the
## Bible Way Organization

The Bible Way Church of Our Lord Jesus Christ World-Wide, Inc. is an organization of African-American Pentecostal churches started in 1957 in Washington, DC.

There are nearly six hundred churches throughout The Bible Way Church World Wide Organization spanning the Continental United States of America and extending the gospel message into the United Kingdom, Africa, India, Canada, Jamaica, Trinidad, and South America.

The goal of Bible Way is to go into all the world with the gospel proclaiming Jesus Christ as Lord. We are committed to ministering to the whole man with a holistic message empowering mankind physically, mentally and spiritually.

You are invited to our Annual Bishop's Council and Workers' Conference that is held every March and our International Convocation held each July. Both of these meetings are held in various parts of the United States. Then in November, The College of Bishops, Women's Council, Ministers, and Organization Leaders jointly convene in a selected city for the newly established Bible Way Leadership Summit.



# THE BIBLE WAY
## CHURCH OF OUR LORD JESUS CHRIST
## WORLDWIDE, INCORPORATED

Chief Apostle
Cornelius Showell

Mailing List

## Contact Information

**HEADQUARTERS**
Office of the Presiding Bishop
The Bible Way Church of Our Lord Jesus Christ World Wide, Inc.
20 S. Caroline St.
Baltimore, Md. 21231
(410) 327-0170
(410) 327-6527 fax
headquarters@biblewayworldwide.com

**MAILING ADDRESS**
The Bible Way Church of Our Lord Jesus Christ World Wide, Inc.
P.O. Box 38424
Baltimore, Md. 21231

**OFFICE OF THE GENERAL SECRETARY**
The Bible Way Church of Our Lord Jesus Christ World Wide, Incorporated
4551 Benning Road S.E.
Washington, D.C. 20019
generalsecretary@biblewayworldwide.com

**WEBSITE UPDATES**
Marketing Director
webmaster@biblewayworldwide.com

Privacy Policy          For best viewing



# THE BIBLE WAY
### CHURCH OF OUR LORD JESUS CHRIST
### WORLDWIDE, INCORPORATED

History
About Our History

The Bible Way Church of Our Lord Jesus Christ, World Wide, Incorporated had its inception in September 1957. Bishop Smallwood Edmond Williams, who at the time was the General Secretary of the Church of Our Lord Jesus Christ of the Apostolic Faith (COOLJC), along with Bishop John S. Beane, Bishop Winfield Showell, Bishop Joseph Moore and Bishop McKinley Williams withdrew from that organization (along with about 70 churches) and founded the new organization.

(Left to Right: Bishop Winfield A. Showell, Bishop John S. Beane, Bishop Smallwood E. Williams, Bishop Joseph Moore, Bishop McKinley Williams)

Beliefs of the Bible Way Church of Our Lord Jesus Christ include the inspiration of the Bible as the word of God; salvation made possible only through Jesus; the baptism of the Holy Ghost with the evidence of speaking in tongues; water baptism by immersion; the pre-millennial second coming of Jesus; the final judgment of the dead; and the establishment of new heavens and a new earth.

Through fifty years of service to the Kingdom of God, the Bible Way organization has emerged as a strong, vibrant, and growing organization. Churches were founded throughout the world, and Bishop Williams, a preacher's preacher, became one of the most popular national preachers of his time. A very influential social figure, he spoke extensively on racial and social injustice and used his pastoral clout to fight for integrity in the Nations' Capital. His sons in the gospel have inherited his preaching dynamo, and the name 'Bible Way' has become associated with contemporary Apostolic Pentecostalism with 1st century power and 21st century relevancy.

In September of 1957, Apostle Smallwood Edmond Williams organized the Bible Way Church of Our Lord Jesus Christ, and by his side was a young man named Elder Lawrence G. Campbell. Although there were notable signs of his ability and talents, no one could have ever imagined the magnitude of the leader he would become. The Bible Way Church has been enormously blessed with the divine leadership of Apostle Lawrence G. Campbell. Through God's help, he has led Bible Way World Wide for twelve consecutive, successful years to a level that was not witnessed before. In 1993, the organization celebrated the purchase of the first Bible Way Headquarters and Retreat Center, properties valued at more than $1,000,000.



Apostle Lawrence G. Campbell and Former First Lady Campbell

During the 90's, Bible Way experienced unprecedented growth, seeing its member churches flourish from a group of 125 churches to more than 350 in the United States alone. As a testament to its global reach, Bible Way boasts now more than 250 additional churches in Europe, Asia, Africa, South America and the Caribbean. An ever-evolving organization, Bible Way now recognizes and ordains women as deaconesses, evangelists, ministers, elders, district elders, prophetesses, and pastors.

After 12 years of leadership in the Bible Way World Wide organization, Apostle Campbell's reign as Chief Apostle and Presiding Bishop culminated on July 21, 2006. In March 2006, Apostle Cornelius Showell, son of one of Bible Way's Founding Fathers, Bishop Winfield Showell, and succeeding pastor of the 4000-member First Apostolic Faith Church, International in Baltimore, MD, was elected as Presiding Bishop and Chief Apostle of The Bible Way Church of Our Lord Jesus Christ, World Wide, Incorporated. Alongside him in leadership are First Vice-Presider, Apostle Floyd Nelson, and Second Vice-Presider, Apostle Caleb McIntosh. The organization is now headquartered in Baltimore, MD.



# THE BIBLE WAY
### CHURCH OF OUR LORD JESUS CHRIST
### WORLDWIDE, INCORPORATED

## Presiding Bishop and Chief Apostle

Second Presiding Bishop

**Presiding Bishop and Chief Apostle**

Bishop Cornelius Showell has been called into the Kingdom for such a time as this. He is a man destined to empower the masses through his prolific preaching and teaching ministry. His passion for the Kingdom and the things of God coupled with his compassion for the souls of men has made him much sought after to preach good tidings to the meek and proclaim liberty to the captive.

After receiving the mantle from his father, the Honorable Bishop Winfield Amos Showell, in 1987, Bishop Cornelius Showell became the pastor of the First Apostolic Faith Church of Jesus Christ, International in Baltimore, Maryland. One of the oldest Apostolic churches in the United States, First Apostolic will celebrate its 90th year in June 2007.

A noted entrepreneur and businessman in the Baltimore Metropolitan Area, Bishop Showell has been involved in housing, real estate and business development for over 30 years as a manager, developer and owner of two multi-unit housing complexes for the elderly and various commercial real estate ventures. His caring for the senior citizens of Baltimore is a well established fact.

A charismatic historian of African American Studies, Bishop Showell was the founder and executive director of Negro History and Culture for the State of Maryland and an educator of African American Studies at Morgan State University and University of Maryland for numerous years. To his credit, AFRAM, Baltimore City's highly acclaimed African American cultural fair, was established.

Bishop Showell has traveled to far reaching places including the United Kingdom, Africa and South Korea compelling men to receive the love Christ offers and be filled with the precious gift of the Holy Ghost. God has established Bishop Showell as a giant in the Kingdom, and he still finds time to father many spiritual sons and daughters, lending wise counsel to pastors and organizational leaders while conferring with kings and prime ministers of foreign lands.

In 2002, Bishop Showell was consecrated to the Apostleship by the Executive Board of Bishops of the Bible Way Church of our Lord Jesus Christ, Incorporated. Apostle Showell currently serves as the Presiding Bishop and Chief Apostle of the organization. In the few months of his tenure, he has expanded the vision and direction of the ministry to include a Leadership Development Institute. He leads over 500 pastors along with several heads of affiliate organizations desiring to glean from his wisdom and leadership.

Bishop Cornelius Showell is married to the love of his life, the Elect Lady Ella Augusta Showell. They have three sons, Byron, Andre and Cornelius, II.



# THE BIBLE WAY
### CHURCH OF OUR LORD JESUS CHRIST
### WORLDWIDE, INCORPORATED

## About the
## Bible Way Organization

The Bible Way Church of Our Lord Jesus Christ World-Wide, Inc. is an organization of African-American Pentecostal churches started in 1957 in Washington, DC.

There are nearly six hundred churches throughout The Bible Way Church World Wide Organization spanning the Continental United States of America and extending the gospel message into the United Kingdom, Africa, India, Canada, Jamaica, Trinidad, and South America.

The goal of Bible Way is to go into all the world with the gospel proclaiming Jesus Christ as Lord. We are committed to ministering to the whole man with a holistic message empowering mankind physically, mentally and spiritually.

You are invited to our Annual Bishop's Council and Workers' Conference that is held every March and our International Convocation held each July. Both of these meetings are held in various parts of the United States. Then in November, The College of Bishops, Women's Council, Ministers, and Organization Leaders jointly convene in a selected city for the newly established Bible Way Leadership Summit.



# THE BIBLE WAY
### CHURCH OF OUR LORD JESUS CHRIST WORLDWIDE, INCORPORATED

Chief Apostle
Cornelius Showell

Mailing List

Select a Presider

**First Vice-Presiding Bishop**

Apostle Floyd E. Nelson, Sr. is an anointed and gifted preacher, pastor, evangelist and teacher. He is currently the Senior Pastor of two churches, the Lively Stone Worship Center, a growing and thriving church in Landover, MD, and the newly organized Harvest Ministries, Columbia, MD.

Apostle Nelson was consecrated to the Bishopric in 1976. He became affiliated with the Bible Way Church of our Lord Jesus Christ World Wide Inc. in 1985 under the leadership of the late, Chief Apostle Smallwood E. Williams. Since relocating to Maryland, he has worked as Assistant Diocesan of the Washington Metropolitan Diocese with Apostle Joseph Nathan Brown.

Apostle Nelson began his prolific ministry as a child in the hometown of his birth, Muskegon, MI, where he received his early education and ministerial training. This childhood ministry has grown and turned into a ministry that has captivated and changed the lives of thousands for more than sixty years. His academic accomplishments include a Doctor of Divinity and a PhD in Psychology. Apostle Nelson has also received numerous honorary degrees, awards, proclamations and commendations.

Prior to his relocation, Bishop Nelson had established churches in Texas, Missouri, Illinois and California. He has founded approximately twenty-two churches during his ministry. Because of his unique ability to establish churches, he has launched and subsidized many of these ministries, often using the associate ministers under his tutelage.

Apostle Nelson is known to be a prominent Bible scholar, an anointed preacher and a noted seminarian. Because of his knowledge and many years of pastoral experience, he is a friend and advisor to many pastors and church leaders. He tries to model his personality and life after Christ, being that of a servant. His ministry expands across the United States and internationally to churches in England, Jamaica, Trinidad, South America, Asia, Africa and the Middle East.

He was elected to the Executive Board of Bishops in 2000, and has served in many capacities in Bible Way. On July 20, 2006, Bishop Nelson was installed as First Vice-Presiding Bishop of Bible Way and consecrated an Apostle. Along with his many duties, he has been instrumental in helping to strengthen many dioceses in Bible Way, namely, Alabama, Mississippi, Georgian England, Africa, and Jamaica, West Indies. He is the former Bishop of World Missions for Bible Way and the newly appointed Bishop of Home Missions.

Apostle Nelson's Apostolic heritage has spanned a legacy of six generations, which began at the Azusa Street Revival with his great-grandmother, and is now inherited by his grandchildren. On May 26, 2006, Bishop Nelson was honored and celebrated for fifty years of pastoral ministry and leadership. His many years of ministry have not only been a blessing to Bible Way, but to the Body of Christ as a whole. He willingly shares his knowledge and experience with young pastors and has a heart and a passion to help young ministers who are aspiring to the pastorate.

On November 4, 2006, Apostle Nelson installed his son, Floyd E. Nelson II, as pastor of Lively Stone, and he will assume the role of Senior Pastor. This will give him the

opportunity to serve the organization more freely and fulfill his many other duties and commitments.

Apostle Nelson has been married for thirty-nine years to Dr. Yvonne Nelson, newly elected president of the Bible Way International Clergy Wives and Widow's Association. Many successful endeavors have been accomplished because of their united efforts in Kingdom building under their administration. They have three children and four grandchildren.



# THE BIBLE WAY
## CHURCH OF OUR LORD JESUS CHRIST
### WORLDWIDE, INCORPORATED

## Second Vice-Presiding Bishop

Select a Presider

**Second Vice-Presiding Bishop**

Bishop Caleb McIntosh was born in 1960 and saved in 1975 while attending the local Bible Way Church in London. In 1981, he moved to the United States to continue his educational pursuits at the Christian Life College in Stockton, California where he earned the following degrees: Associates of Arts Degree in Christian Education, graduating with highest Honors and an Associates of Arts Degree in Theology (BTh). He later returned to England to earn his Batchelor of Arts Degree in Theology from Kings College, one of the oldest and largest colleges of the University of London. His thirst for knowledge and academic excellence led him to earn a Post Graduate Certificate in Education and a Master of Arts Degree in Religious Education & Special Education Needs.

Bishop McIntosh was appointed a Minister and the Dean of the Bible Way Training Institute (BTI) in 1984, and in 1985 he was ordained an Elder. In the same year he responded to the call of God and assumed the pastorate as the Founder-Pastor of New Life Bible Way Church in East London. In 1986 he was appointed to the Board of District Elders.

Bishop McIntosh's educational accomplishments did not go unnoticed by the leadership of Bible Way organization and he was appointed as the Dean of the Bible Way Training Institute (BTI) in 1984; the same year he responded to the call of God and was consecrated as a minister. God saw fit to elevate Minister McIntosh a year later when he was ordained an Elder and installed as the Founder-Pastor of 'New Life' Bible Way Church in East London. God continued to further his work and broaden his horizons in the Bible Way organization by opening doors for him as a District Elder, and an appointment as the Bishop of Educations, with specific responsibility for Theological Education through the UK Diocese and the Foreign Fields.

In 1997 District Elder McIntosh was elevated to the Bishopric with the oversight of the Northern Jurisdiction. From May 1999 Bishop McIntosh assisted the Diocesan Bishop, the Late Bishop L. E. White, in the leadership of the UK Diocese. In May 2000, Bishop McIntosh was appointed as the Diocesan and later installed as the Presiding Diocesan Bishop and of the Bible Way Churches of our Lord Jesus Christ Worldwide, UK and the Foreign Fields. Since the time of his appointment, Bishop McIntosh has also worked tirelessly, to lead and stimulate the growth of the UK Diocese. Through his efforts the Diocese currently extends to India, South America, East & West Africa and The Caribbean.

In July 2000, Bishop Caleb McIntosh was appointed to the Executive Board of the Bible Way Church World Wide and in March of 2006, he was elected as the 2nd Vice Presiding Bishop of the Bible Way Church our Lord Jesus Christ World Wide.

*Second Vice-Presiding Bishop*
*Bishop Caleb McIntosh*



**THE BIBLE WAY**
CHURCH OF OUR LORD JESUS CHRIST
WORLDWIDE, INCORPORATED

Mailing List

## What We Believe
### Apostolic Statement of Faith

**We believe** that salvation comes only through the Lord Jesus Christ, who is the only begotten Son of the Father, conceived of the Holy Ghost, and born of the Virgin Mary, that Jesus was crucified, buried, and raised from the dead, and that Jesus ascended to heaven and is today at the right hand of the Father as our intercessor.

**We believe** that all have sinned and fallen short of God's glory and that repentance is required by God and is necessary for the forgiveness of sins.

**We believe** that water baptism by immersion must be in the Name of the Lord Jesus Christ for the remission of sins.

**We believe** that holiness is God's standard of living for His people.

**We believe** that speaking with other tongues as the Spirit of God gives utterance is the initial evidence of the baptism of the Holy Ghost.

**We believe** that divine healing is provided for all in the atonement. We believe that the Lord's Supper should be commemorated.

**We believe** that the resurrection and rapture of the true church of God is imminent.

**We believe** that Jesus is God incarnated in the flesh.

**We believe** in the Final Judgment of the living and dead and the final establishment of a new heaven and earth wherein dwelleth righteousness.

THE BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD WIDE, INC.

# 50 INTERNATIONAL HOLY CONVOCATION

## JULY 1-6, 2007 • BALTIMORE, MD

BALTIMORE CONVENTION CENTER
One West Pratt Street • (410) 649-7000



**CORNELIUS SHOWELL**
**Presiding Bishop & Chief Apostle**


*Pastor*
**Donnie McClurkin**


*Bishop*
**Marvin Winans**


*Bishop*
**Noel Jones**


*Co-Pastor*
**Susie Owens**


*Bishop*
**Tudor Bismark**


*Bishop*
**Walter S. Thomas**


*Bishop*
**Thomas Weeks, Sr.**

## Jubilee Banquet
**Wednesday, July 4th**

## THE YEAR OF SUPERNATURAL RELEASE





**(410) 327-0170 • WWW.BIBLEWAYWORLDWIDE.ORG**



# THE BIBLE WAY
## CHURCH OF OUR LORD JESUS CHRIST
## WORLDWIDE, INCORPORATED





Mailing List



## Bible Way
## Information Center



**Please select a file below to view. Please note that you must have Adobe Acrobat Reader installed to view the information.**



June 9th Leadership Meeting Info

All Saints Rally Announcement *(Coming Soon)*



## THE BIBLE WAY
### CHURCH OF OUR LORD JESUS CHRIST WORLDWIDE, INCORPORATED

Chief Apostle
Cornelius Showell

Home     About Us     Bible Way Information Center     Contact Us

Mailing List   **Sign Up Now**

# Holy Convocation 2007

### BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD WIDE, INC.
Apostle Cornelius Showell, Presiding Bishop and Chief Apostle

### 50th International Holy Convocation

## $50.00 per person

**Check One:**

| | | | |
|---|---|---|---|
| ⦿ Apostle | ○ Elder | ○ Evangelist | ○ Mother |
| ○ Bishop | ○ Prophet | ○ Missionary | ○ Brother |
| ○ District Elder | ○ Prophetess | ○ Deacon | ○ Sister |
| ○ Pastor | ○ Minister | ○ Deaconess | ○ Visitor |

\* Total Number of people in the party          1

**Primary Registrant Information:**

\* Suffix   **Mr.**

\* First Name

\* Last Name

\* Mailing Address

\* City

\* State   **Select...**

\* Zip Code

\* Phone Number

\* Email

Guest

\* Church

\* Pastor

**Departments** (\*Please select a department. Please note that there is an extra $2.50 charge for each additional department.)

☐ Children's Church          ☐ Missionaries          ☐ Ushers & Nurses

- [ ] Christian Education
- [ ] Clergy Spouses
- [ ] Deacon & Deaconess
- [ ] United Clergy
- [ ] United Men
- [ ] United Women
- [ ] Worship and Arts
- [ ] Young People (Adult 18-35)
- [ ] Young People (Youth 10-17)

Submit    Reset

Privacy Policy            For Best Viewing

**Exhibit A**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BIBLE WAY CHURCH OF OUR LORD JESUS )
CHRIST WORLD WIDE, INC. )
                                                )
                 Plaintiff, )
                                                )
           v. )      CA No.: 1:07-cv-00-001178
                                                )              (HHK)
CORNELIUS SHOWELL and )
LAWRENCE CAMPBELL, LYLE DUKES, )
JOSEPH SHOWELL, )
Individuals, and )
HARVEST LIFE CHANGERS WORLD )
MINISTRIES, )
A Virginia Corporation )
                                                  )
                 Defendants. )

## DECLARATION OF FRANKLIN CORNELIUS SHOWELL

STATE OF MARYLAND    )
                            ) ss:
COUNTY OF BALTIMORE )

Franklin Cornelius Showell, being duly sworn, deposes and states as follows:

1.      I submit this Declaration in support of Defendants' Motion to Dismiss the Complaint in the above-captioned matter as against me for lack of personal jurisdiction.

2.      I am a resident of the State of Maryland. My address is 400 Patleigh Road, Baltimore, Maryland 21228. I have resided at that address from 1998 to the present.

3.      I do not solicit, conduct, or transact business in the District of Columbia.

4.      I am not engaged in any persistent course of conduct in the District of Columbia.

5.      I do not derive substantial revenue or income from goods used or consumed, or services rendered, in the District of Columbia.

6.      I do not consent to this Court's exercise of personal jurisdiction over me in the above-captioned matter.


I declare under penalty of perjury that the following is true and correct.  Executed on December 20, 2007, in Balt. County, Maryland

_Franklin Cornelius Showell_
Franklin Cornelius Showell

2

# Exhibit B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD WIDE, INC. <br><br> Plaintiff, <br><br> v. <br><br> CORNELIUS SHOWELL and LAWRENCE CAMPBELL, LYLE DUKES, JOSEPH SHOWELL, Individuals, and HARVEST LIFE CHANGERS WORLD MINISTRIES, A Virginia Corporation. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CA No.: 1:07-cv-01178 (HHK) |

## DECLARATION OF LAWRENCE CAMPBELL

| | |
|---|---|
| COMMONWEALTH OF VIRGINIA | ) |
| | ) ss: |
| CITY OF DANVILLE | ) |

Lawrence Campbell, having first been duly sworn, deposes and states as follows:

1.    I am a resident of the Commonwealth of Virginia. My address is 128 Larchmont Way, Danville, Virginia 24541. I have resided at this address from 1997 to the present.

2.    I provide this Declaration in support of Defendants' Motion to Optioned matter as against me for lack of personal jurisdiction.

3.    I do not solicit, conduct, or transact business in the District of Columbia.

4.    I am not engaged in any persistent course of conduct in the District of Columbia.

5.    I do not derive substantial revenue or income from goods used or consumed, or services rendered, in the District of Columbia.

6.    I do not consent to this Court's exercise of personal jurisdiction over me in the above-captioned matter.

I declare under penalty of perjury that the following is true and correct. Executed on December 20 2007, in Danville, Virginia.

Lawrence Campbell
Lawrence Campbell

2

# Exhibit C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BIBLE WAY CHURCH OF OUR LORD JESUS   )
CHRIST WORLD WIDE, INC.   )
   )
        Plaintiff,   )
   )
      v.   )   CA No.: 1:07-cv-00-001178
   )         (HHK)
CORNELIUS SHOWELL and   )
LAWRENCE CAMPBELL, LYLE DUKES,   )
JOSEPH SHOWELL,   )
Individuals, and   )
HARVEST LIFE CHANGERS WORLD   )
MINISTRIES,   )
A Virginia Corporation   )
   )
       Defendants.   )

## DECLARATION OF LYLE DUKES

COMMONWEALTH OF VIRGINIA       )
           ) ss:
COUNTY OF PRINCE WILLIAMS )

Lyle Dukes, having first been duly sworn, deposes and states as follows:

1.     I am a resident of the Commonwealth of Virginia. My address is 11027 Bacon Race Road, Woodbridge, Virginia 22192. I have resided at that address from 2005 to the present.

2.     I provide this Declaration in support of Defendants' Motion to Dismiss the Complaint in the above-captioned matter as against me for lack of personal jurisdiction.

3.     I do not solicit, conduct, or transact business in the District of Columbia.

4.     I am not engaged in any persistent course of conduct in the District of Columbia.

5.  I do not derive substantial revenue or income from goods used or consumed, or services rendered, in the District of Columbia.

6.  The website with the Internet domain name www.biblewayworldwide.org is not registered in my name.

7.  I do not consent to this Court's exercise of personal jurisdiction over me in the above-captioned matter.

I declare under penalty of perjury that the following is true and correct. Executed on December 20, 2007, in _Woodbridge_ _Virginia_ .

_Lyle Dukes_

State of Virginia

County of Prince William

On this _20th_ day of _December_, in the year 2007, before me _Karen Humphreys Thompson_, a notary public, personally appeared _Edwin Lyle Dukes_, proved on the basis of satisfactory evidence to be the person(s) whose name(s) (is/are) subscribed to this instrument, and acknowledged (he/she/they) executed the same. Witness my hand and official seal.

_Karen Humphreys Thompson_
Notary Public        # 248943

2

# Exhibit D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD WIDE, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CA No.: 1:07-cv-00-1178 (HHK) |
| CORNELIUS SHOWELL and LAWRENCE CAMPBELL, LYLE DUKES, JOSEPH SHOWELL, Individuals, and HARVEST LIFE CHANGERS WORLD MINISTRIES, A Virginia Corporation | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DECLARATION OF JOSEPH SHOWELL

STATE OF MARYLAND    )
                        ) ss:
COUNTY OF BALTIMORE )

Joseph Showell, being duly sworn, deposes and states as follows:

1.    I submit this Declaration in support of Defendants' Motion to Dismiss the Complaint in the above-captioned matter as against me for lack of personal jurisdiction.

2.    I am a resident of the State of Maryland.  My address is 9813 Plowline Road, Randallstown, Maryland 21133.  I have resided at that address from 1976 to the present.

3.    I do not solicit, conduct, or transact business in the District of Columbia.

4.    I am not engaged in any persistent course of conduct in the District of Columbia.

5.    I do not derive substantial revenue or income from goods used or consumed, or services rendered, in the District of Columbia.

6.    I do not consent to this Court's exercise of personal jurisdiction over me in the above-captioned matter.

I declare under penalty of perjury that the following is true and correct.

Executed on December 21, 2007, in Randallstown, Maryland.

Joseph Showell

2

# Exhibit E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD WIDE, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CA No.: 1:07-cv-00-001178 |
| ) | (HHK) |
| CORNELIUS SHOWELL and ) | |
| LAWRENCE CAMPBELL, LYLE DUKES, ) | |
| JOSEPH SHOWELL, ) | |
| Individuals, and ) | |
| HARVEST LIFE CHANGERS WORLD ) | |
| MINISTRIES, ) | |
| A Virginia Corporation ) | |
| ) | |
| Defendants. ) | |

### DECLARATION OF LYLE DUKES

COMMONWEALTH OF VIRGINIA )
                           ) ss:
COUNTY OF PRINCE WILLIAMS )

Lyle Dukes, having first been duly sworn, deposes and states as follows:

1.      I submit this Declaration in support of Defendants' Motion to Dismiss the Complaint in the above-captioned as against Harvest Life Changers World Ministries for lack of personal jurisdiction

2.      I am the Founder and Pastor of Harvest Life Changers World Ministries.

3.      Harvest Life Changers World Ministries is a religious organization, incorporated in the State of Delaware, with its principal place of business at 14401 Telegraph Road, Woodbridge, VA 22192.

4.      As Founder and Pastor of Harvest Life Changers World Ministries, I have personal knowledge about all of its business activities and transactions.

5.      Harvest Life Changers World Ministries promotes and advertises its services nationally.

6.      Harvest Life Changers World Ministries is not engaged in any persistent course of conduct in the District of Columbia.

7.      Harvest Life Changers World Ministries does not derive substantial revenue or income from goods used or consumed, or services rendered, in the District of Columbia.

8.      Harvest Life Changers World Ministries does not consent to this Court's exercise of personal jurisdiction over it in the above-captioned matter.

I declare under penalty of perjury that the following is true and correct.  Executed on December 20, 2007, in Woodbridge, Virginia.

State of Virginia

Lyle Dukes

County of Prince William

On this 20th day of December, in the year 2007, before me Karen Humphreys Thompson, a notary public, personally appeared Edwin Lyle Dukes, proved on the basis of satisfactory evidence to be the person(s) whose name(s) (is/are) subscribed to this instrument, and acknowledged (he/she/they) executed the same. Witness my hand and official seal.

Karen Humphreys Thompson

Notary Public                    # 248943

2

**Exhibit F**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD WIDE, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CA No.: 1:07-cv-00-001178 (HHK) |
| CORNELIUS SHOWELL and LAWRENCE CAMPBELL, LYLE DUKES, JOSEPH SHOWELL, Individuals, and HARVEST LIFE CHANGERS WORLD MINISTRIES, A Virginia Corporation | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

### DECLARATION OF FRANKLIN CORNELIUS SHOWELL II

STATE OF MARYLAND ）
　　　　　　　　　　 ） ss:
COUNTY OF BALTIMORE ）

Franklin Cornelius Showell II, being duly sworn, deposes and states as follows:

1.　　　I provide this Declaration based on my personal knowledge and in support of Defendants' Motion to Dismiss the Complaint in the above-captioned matter for lack of personal jurisdiction.

2.　　　I am a resident of the State of Maryland.  My address is 400 Patleigh Road, Baltimore, Maryland 21228.

3.　　　I am the webmaster of the website with the Internet domain name www.biblewayworldwide.org (the "website").

4.    As webmaster, I have direct responsibility for operating and maintaining the website, including posting and managing its contents.

5.    The host server for the website is located in Pittsburgh, Pennsylvania.

6.    The website does not permit users to interact directly with the host server.

7.    The website does not offer for sale or sell any goods or merchandise.

8.    The website does not permit any online purchases of any goods or merchandise by users.

9.    The purpose of the website is to provide basic information about The Bible Way Church of Our Lord Jesus Christ World Wide, Incorporated, including its address and telephone numbers in Maryland, as well as information about its leaders, history, mission, beliefs, and upcoming events. *See* Exhibit A.

10.    All of the information and materials on the website are directed to and accessible by a worldwide audience and are not specifically targeted to residents of the District of Columbia.

I declare under penalty of perjury that the following is true and correct. Executed on December 20, 2007, in *Baltimore, Maryland*.

Franklin Cornelius Showell II

2