**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD WIDE, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| CORNELIUS SHOWELL and LAWRENCE CAMPBELL, LYLE DUKES, JOSEPH SHOWELL, Individuals, and HARVEST LIFE CHANGERS WORLD MINISTRIES, A Virginia Corporation | ) ) ) ) ) ) ) | CA No.: 1:07-cv-001178 (HHK) |
| Defendants. | ) ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Plaintiff's Opposition confirms that this Court lacks personal jurisdiction over Defendants. As Defendants demonstrated in their Motion to Dismiss, section 13-423(a)(4) of the District of Columbia's long-arm statute, the only provision of the statute on which Plaintiff relied in its Complaint, provides no basis for this Court's exercise of personal jurisdiction over Defendants. Plaintiff now claims, however, that it "incorrectly limited its assertion of the Court's jurisdiction to subsection (4)," Opp'n at 10 n.1, and seeks leave to file an amended complaint to request the Court's exercise of both specific and general jurisdiction over Defendants. Plaintiff's belated attempt to invoke other grounds for this Court's jurisdiction is to no avail -- and leave to amend would be futile -- because Plaintiff has not alleged (and cannot allege) any set of facts necessary to bring Defendants within the specific or general jurisdiction of this Court.

In particular, Plaintiff has not alleged that Defendants have minimum contacts with the District sufficient for this Court to exercise specific jurisdiction over Defendants under any

provision of the long-arm statute. Similarly, Plaintiff has not alleged facts sufficient to satisfy either of the two requirements necessary to bring Defendants within the general jurisdiction of this Court. That is, Plaintiff cannot show that Defendants (1) are residents of the District, or (2) have engaged in any continuous and systematic course of conduct that is equivalent to actual presence in the District. Accordingly, Defendants respectfully request that the Court grant their Motion to Dismiss the Complaint for lack of personal jurisdiction.

## I.    THE COURT LACKS GENERAL JURISDICTION OVER DEFENDANTS

As Plaintiff concedes, general jurisdiction exists only if there is a showing that Defendants are domiciled in the forum or their activities are so continuous and systematic that they would be considered equivalent to actual presence in the forum. *See* Opp'n at 7 (citing *Helicopteros Nacionales de Colombia, S.A v. Hall*, 466 U.S. 408, 414-16 (1984)). Defendants' Declarations in support of their Motion to Dismiss make clear that they are neither domiciled in nor residents of the District of Columbia. Although Plaintiff claims the Declarations are "unsubstantiated," *see* Opp'n at 10, Plaintiff has not even attempted to present the Court with any factual allegations that rebut Defendants' sworn assertions that the District is not their domiciliary or place of residence. Accordingly, Plaintiff's claim of general jurisdiction must rest on a showing that Defendants have the requisite continuous and systematic contacts with the District. Plaintiff's allegations, however, do not support a finding of continuous and systematic contacts necessary for the exercise of general jurisdiction over Defendants.

*First*, Plaintiff argues that general jurisdiction is proper because Defendants "claim[] to be principals and members of a church incorporated in this District" that is "subject to suit in the District under the general jurisdiction provisions of the D.C. Code." Opp'n at 8. But Plaintiff cites no case to support the proposition that non-resident defendants sued in their individual

capacities are subject to the general jurisdiction of a forum simply because they are affiliated, or claim to be affiliated, with a corporation that is subject to suit in the forum. The one case that Plaintiff cites, *Arista Records, Inc. v. Sakfield Holding Co. S.L.*, 314 F. Supp. 2d 27 (D.D.C. 2004), is completely inapposite; it deals with the service of process on a foreign corporation under D.C. Code section 13-443(a). *See* Opp'n at 7. Indeed, contrary to Plaintiff's novel theory of jurisdiction, it is well settled that "[a] court does not have jurisdiction over individual officers and employees of a corporation just because the court has jurisdiction over the corporation." *Overseas Partners, Inc. v. Progen Musavirlik ve Yonetim Hizmetleri, Ltd. Sikerti*, 15 F.Supp.2d 47, 51 (D.D.C. 1998); *see also* Defs. Br. at 12 (discussing cases).

*Second*, Plaintiff claims that general jurisdiction exists because "Defendants, either individually or through their organization, [purportedly] *appear* to have an interest in or possess real property in the District" and because Defendant Joseph Showell is listed as bishop of Gospel Ark Temple in the District. Opp'n at 8 (emphasis added). Yet Plaintiff makes no such allegation in its Complaint, and Plaintiff cannot allege any set of facts sufficient to support its conclusion that Defendants or their organization owns any property in the District of Columbia. Defendants have specifically denied any such ownership in their Declarations: Each church listed in the Bible Way directory, while affiliated with Defendants' religious organization, is independently owned and controlled by its local members and trustees. None of the Defendants nor Bible Way owns any real property in the District of Columbia. *See* Cornelius Showell Supplemental Decl. at ¶¶ 4-5, attached as Ex. A; Cornelius Showell Supplemental Decl. 2 at ¶ 3, attached as Ex. B; Lawrence Campbell Supplemental Decl. at ¶ 3, attached as Ex. C; Joseph Showell Supplemental Decl. at ¶¶ 5-6, attached as Ex. D; Lyle Dukes Supplemental Decl. at ¶ 3, attached as Ex. E; Harvest Life Changers World Ministries Supplemental Decl. at ¶ 6, attached as Ex. F.

Moreover, the fact that Joseph Showell, a non-resident of the District, serves as bishop of a church located in the District does not bring him within the general jurisdiction of this Court. The law is clear that, even when a church has sufficient contact for jurisdiction to extend to the church, that does not confer jurisdiction on church officers; a church officer "who has contact with a forum only in regard to the performance of his official duties is not subject to the personal jurisdiction of that forum." *Hafner v.Lutheran Church-Mo. Synod*, 616 F. Supp. 735, 739 (N.D. Ind. 1985). Accordingly, although Plaintiff contends that Joseph Showell's "affiliation with the church by itself establishes personal jurisdiction . . . , 'jurisdiction over [him] does ***not*** automatically follow from jurisdiction over the [church].' " *Garrett v. Church of the Nazarene*, No. 05-00204-CVWDW, 2005 WL 2219805, at *3 (W.D. Mo. 1986) (citation omitted) (emphasis added); *see also Knuth v. Lutheran Church Mo. Synod*, 643 F. Supp. 444, 446 (D. Kan. 1986) (finding that a minister's actions, "solely in the capacity as a [church] officer, do[] not create personal jurisdiction over that individual even though the state may have personal jurisdiction over the [church]").

## II.    THE COURT LACKS SPECIFIC JURISDICTION OVER DEFENDANTS

Plaintiff now claims for the first time that "Defendants are subject to the Court's jurisdiction pursuant to subsection (1), (2), (3) and ***possibly*** (5)" of D.C. Code section 13-423(a). *See* Opp'n at 10 n.1 (emphasis added).[1] Plaintiff has not, however, alleged any set of facts sufficient to satisfy the requirements of any of these provisions of the long-arm statute.

---

[1] Plaintiff's Opposition does not contain any discussion of section (a)(4), on which Plaintiff originally solely relied as a basis for this Court's jurisdiction. To the extent, however, that Plaintiff continues to rely on (a)(4), Defendants have amply demonstrated in their opening brief that the section provides no basis for this Court's exercise of personal jurisdiction in this matter.

### A.    Plaintiff Fails To Allege Facts Sufficient To Invoke the Court's Jurisdiction Under Section (a)(1) or (a)(2) of the Long-Arm Statute

Section 13-423(a)(1) of the District's long-arm statute requires Plaintiff to demonstrate that Defendants "transact[ed] any business in the District of Columbia." D.C. Code § 13-423(a)(1). Section 13-423(a)(2), the "contracting to supply services" provision of the statute, "only applies to a non-resident who injects itself into the District by agreeing to provide some service to the resident in the District." *COMSAT Corp. v Finshipyards S.A.M.*, 900 F. Supp. 515, 524 (D.D.C. 1995). Plaintiff has not alleged any facts showing that the individual Defendants transacted business in the District or "injected themselves into the District" by agreeing to provide services to residents in the District. Plaintiff merely alleges that Defendants use the Bible Way website and the name Bible Way Church "to coordinate and direct the activities of the member churches" and "hold conferences and meetings -- some of international scale." Opp'n at 12. Plaintiff then conclusorily asserts that "[a]ll of these activities, combined with the fact that the Defendants' [sic] proclaim that they are members and officers of a District corporation with an officer located in the District, deem it [sic] to be transacting business in the District." *Id.*

Courts in this Circuit have made clear that such a "conclusory statement" that "generally track[s] the statutory requisites" is "not in and of itself an allegation of a specific act in the District" necessary to satisfy either the "transacting business" or "contracting to supply services" clause of the long-arm statute. *Novak-Canzeri v. Saud*, 864 F. Supp. 203, 206 (D.D.C. 1994); *see also First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988). In *Novak-Canzeri*, for example, the plaintiff, without any factual specificity, alleged that the requirements of the "transacting business" and "contracting" clauses were satisfied because the "[d]efendants entered into an agreement in the District whereby services were to be supplied in the District, and that they engaged in conferences, discussions and meetings in the District."

5

*Novak-Conzeri*, 864 F. Supp. at 206. The court found these allegations factually insufficient to support the exercise of jurisdiction because they did not "suggest when, why and with whom these activities took place." *Id.*

Here, Plaintiff's allegations that Defendants transacted business or contracted to supply services in the District similarly lack the specificity required to support the exercise of personal jurisdiction. Indeed, Plaintiff does not allege that any of the purported conferences or meetings were held in the District, nor does Plaintiff allege "when," "why," and "with whom" Defendants purportedly transacted business in the District or what specific "business" or "services" were allegedly transacted or supplied in the District.

**B.    Plaintiff Fails To Allege Facts Sufficient To Satisfy the Requirements of Section (a)(3) of the Long-Arm Statute**

Section (a)(3) of the long-arm statute applies to a claim for relief arising from a defendant's "causing tortious injury in the District of Columbia by an act or omission in the District." D.C. Code § 13-423(a)(3). Plaintiff's claim of jurisdiction under this provision of the long-arm statute rests entirely on the argument that the Bible Way website, owned and operated by Defendants' religious organization, infringes Plaintiff's trademark. *See* Opp'n at 13. But the law is settled that a passive website such as the Bible Way website, even if attributable to Defendants in their individual capacities, provides no basis for this Court's exercise of jurisdiction over Defendants. *See* Defs. Br. at 6-11; *GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1349-50 (D.C. Cir. 2000); *Kline v. Williams*, No. Civ.A.05-01102, 2006 WL 758459, *4 (D.D.C. 2006); *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999); *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 420 (9th Cir. 1997).

6

Moreover, even if the Bible Way website caused tortious injury in the District of Columbia, Plaintiff cannot show that the injury was caused by an act or omission *in* the District as required by section (a)(3). In cases involving allegedly infringing material on a website, "courts have held that the tort occurs where the web site is created and/or maintained, usually where the server supporting the web site is located, not where the Internet web site can be seen, because that would be literally anywhere the Internet can be accessed." *Kline*, 2006 WL 758459, at *4 (citing cases). Plaintiff cannot show that the purportedly infringing materials and information posted on the Bible Way website constitute an act within the District because the server for the website is located in Pittsburgh, Pennsylvania, not in the District. *See* Franklin Showell Decl. at ¶ 5, attached as Ex. G.

### C.    Plaintiff Fails To Allege Facts Sufficient To Satisfy the Requirements of Section(a)(5) of the Long-Arm Statute

Plaintiff further claims that specific jurisdiction is proper under D.C. Code section 13-423(a)(5) because Defendants allegedly have an interest in, use, or possess real property in the District and in particular because Defendant Joseph Showell allegedly "uses" real property by ministering to a church in the District. *See* Opp'n at 14-15. As set forth above, Plaintiffs have alleged no set of facts sufficient to rebut Defendant's sworn assertions that they do not own or have an interest in any real property in the District of Columbia. As also set forth above, the fact that Joseph Showell, in his capacity as bishop, uses a church in the District to minister to church members does not subject him to the personal jurisdiction of this Court in his individual capacity.

## III.    THE COURT SHOULD NOT PERMIT JURISDICTIONAL DISCOVERY

Aware that it cannot present any set of facts sufficient to justify the exercise of personal jurisdiction over Defendants, Plaintiff asks the Court to allow it to conduct jurisdictional discovery. In order to impose on Defendants the costs and burden of jurisdictional discovery,

7

Plaintiff must at least allege some threshold facts showing that the Defendants have some "connection[s] to the District of Columbia." *See Caribbean Broad. Sys. Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998) (upholding the refusal to grant jurisdictional discovery when plaintiff "did not allege any facts remotely suggesting that [defendant] had any connection to the District of Columbia"); *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 788 (D.C. Cir. 1983) (finding that the trial court did not abuse its discretion in dismissing complaint when "the pleadings contained no allegations of specific facts that could establish the requisite contacts with the District").

Plaintiff does not come close to alleging specific facts that would establish that Defendants have the requisite contacts with the District. Plaintiff merely asserts its "belie[f]" that jurisdictional discovery will purportedly uncover "evidence that Defendants transact business in the District" and have "enter[ed] into contracts for the provision of services" to District residents. Opp'n at 16. Similarly, Plaintiff baldly claims that discovery will reveal "[i]nformation regarding the operations and assets" of the three District churches listed in the directory of Defendants' organization. *See id.* at 17. These assertions do not justify the kind of fishing expedition Plaintiff seeks. *See Acker v. Royal Merch. & Fin. Co.*, No. Civ. A. 98-00392, 1999 WL 1273476, at *6 (D.D.C. Feb. 10, 1999) ("[T]he Court will not compel [defendant] to engage in discovery simply to accommodate [plaintiff's] fishing expedition . . . .").

## CONCLUSION

For the reasons set forth above and in Defendants' opening brief, Defendants respectfully request that the Court grant Defendants' Motion to Dismiss the Complaint.

Respectfully submitted,

_____/s/_____
David B. Bergman DC Bar # 435392
Kwame A. Clement DC Bar # 467377
Catherine Rowland DC Bar # 480098
Jordan Esbrook DC Bar # 501269
ARNOLD & PORTER LLP
555 12TH Street, NW
Washington, DC 20004
Tel: (202) 942-5000
Fax: (202) 942-5999
Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of February, 2008, I caused a

true and correct copy of the foregoing DEFENDANTS' REPLY IN SUPPORT

OF THEIR MOTION TO DISMISS to be served via electronic filing and via

first-class mail, postage prepaid, upon the following:

> Roger Colaizzi, Esq.
> 575 7th Street, NW
> Washington, DC  20004

_____/s/_____

Kwame A. Clement

## EXHIBIT A

*Bible Way Church of Our Lord Jesus Christ World Wide, Inc.*
*v.*
*Cornelius Showell, et al.*

Case No. 1:07-cv-001178 (HHK)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BIBLE WAY CHURCH OF OUR LORD JESUS )
CHRIST WORLD WIDE, INC. )
)
)
Plaintiff, )
)
v. )  CA No.: 1:07-cv-00-001178
)  (HHK)
CORNELIUS SHOWELL and )
LAWRENCE CAMPBELL, LYLE DUKES, )
JOSEPH SHOWELL, )
Individuals, and )
HARVEST LIFE CHANGERS WORLD )
MINISTRIES, )
A Virginia Corporation )
)
)
Defendants. )

## SUPPLEMENTAL DECLARATION OF FRANKLIN CORNELIUS SHOWELL

STATE OF MARYLAND )
) ss:
COUNTY OF BALTIMORE )

Franklin Cornelius Showell, being duly sworn, deposes and states as follows:

1.    I submit this Supplemental Declaration in support of Defendants' Motion to Dismiss the Complaint in the above-captioned matter for lack of personal jurisdiction.

2.    I understand that Plaintiff in the above-captioned matter contends that Defendants are subject to personal jurisdiction in the District of Columbia because Defendants' organization, Bible Way Church of Our Lord Jesus Christ World Wide, Inc. ("Bible Way"), purportedly has an interest in real property in the District based on the fact that Bible Way's directory lists three churches located in the District.

3.   I am the Chief Apostle of Bible Way, a religious organization made up of affiliated churches that are independently owned and controlled by their local members and trustees.

4.   Bible Way has no ownership interest in the real property owned by its independent affiliated churches.

5.   Bible Way has no ownership interest in any real property in the District of Columbia.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 12, 2008, in Baltimore Maryland.

Franklin Cornelius Showell

2

**EXHIBIT B**

*Bible Way Church of Our Lord Jesus Christ World Wide, Inc.*
*v.*
*Cornelius Showell, et al.*

Case No. 1:07-cv-001178 (HHK)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD WIDE, INC. | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CA No.: 1:07-cv-00-001178 ) (HHK) |
| CORNELIUS SHOWELL and LAWRENCE CAMPBELL, LYLE DUKES, JOSEPH SHOWELL, Individuals, and HARVEST LIFE CHANGERS WORLD MINISTRIES, A Virginia Corporation | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## SUPPLEMENTAL DECLARATION OF FRANKLIN CORNELIUS SHOWELL

STATE OF MARYLAND    )
                        ) ss:
COUNTY OF BALTIMORE )

Franklin Cornelius Showell, being duly sworn, deposes and states as follows:

1.    I submit this Supplemental Declaration in support of Defendants' Motion to Dismiss the Complaint in the above-captioned matter as against me for lack of personal jurisdiction.

2.    I understand that Plaintiff in the above-captioned matter contends that I am subject to personal jurisdiction in the District of Columbia because I allegedly have property interests in the District of Columbia and because I allegedly have entered contracts to supply services in the District of Columbia.

3.    I do not own any real property, including any church property, in the District of Columbia.

4.    I have not entered any contracts to supply services in the District of Columbia.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 12, 2008, in Baltimore, Maryland.

Franklin Cornelius Showell

2

# EXHIBIT C

*Bible Way Church of Our Lord Jesus Christ World Wide, Inc.*
*v.*
*Cornelius Showell, et al.*

Case No. 1:07-cv-001178 (HHK)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD WIDE, INC. | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CA No.: 1:07-cv-01178 |
| CORNELIUS SHOWELL and LAWRENCE CAMPBELL, LYLE DUKES, JOSEPH SHOWELL, Individuals, and HARVEST LIFE CHANGERS WORLD MINISTRIES, A Virginia Corporation | ) (HHK) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

## SUPPLEMENTAL DECLARATION OF LAWRENCE CAMPBELL

| | |
|---|---|
| COMMONWEALTH OF VIRGINIA | ) |
| CITY OF DANVILLE | ) ss: ) |

Lawrence Campbell, being duly sworn, deposes and states as follows:

1.    I submit this Supplemental Declaration in support of Defendants' Motion to Dismiss the Complaint in the above-captioned matter as against me for lack of personal jurisdiction.

2.    I understand that Plaintiff in the above-captioned matter contends that I am subject to personal jurisdiction in the District of Columbia because I allegedly have property interests in the District of Columbia and because I allegedly have entered contracts to supply services in the District of Columbia.

3.    I do not own any real property, including any church property, in the District of Columbia.

4.    I have not entered any contracts to supply services in the District of Columbia.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 1_, 2008, in Danville Virginia.


Lawrence Campbell

2

# EXHIBIT D

*Bible Way Church of Our Lord Jesus Christ World Wide, Inc.*
*v.*
*Cornelius Showell, et al.*

Case No. 1:07-cv-001178 (HHK)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BIBLE WAY CHURCH OF OUR LORD JESUS )
CHRIST WORLD WIDE, INC. )
                                                   )
                Plaintiff, )
                                                   )
         v. )     CA No.: 1:07-cv-00-1178
                                                   )        (HHK)
CORNELIUS SHOWELL and )
LAWRENCE CAMPBELL, LYLE DUKES, )
JOSEPH SHOWELL, )
Individuals, and )
HARVEST LIFE CHANGERS WORLD )
MINISTRIES, )
A Virginia Corporation )
                                                   )
              Defendants. )

## SUPPLEMENTAL DECLARATION OF JOSEPH SHOWELL

STATE OF MARYLAND )
                 ) ss:
COUNTY OF BALTIMORE )

Joseph Showell, being duly sworn, deposes and states as follows:

1.    I submit this Supplemental Declaration in support of Defendants' Motion to Dismiss the Complaint in the above-captioned matter as against me for lack of personal jurisdiction.

2.    I am the Bishop of Gospel Ark Temple Bible Way Church, located at 4551 Benning Road S.E., Washington, D.C. 20019.

3.    I understand that Plaintiff in the above-captioned matter contends that I am subject to personal jurisdiction in the District of Columbia because I allegedly have property interests in the District of Columbia, including a property interest in Gospel Ark

Temple, and because I allegedly have entered contracts to supply services in the District of Columbia.

4.    Gospel Ark Temple, an independent church affiliated with Bible Way Church of Our Lord Jesus Christ World Wide, Inc., is an unincorporated association governed by its members and trustees.

5.    All of Gospel Ark Temple's real property is owned by the church and its congregation.

6.    I do not own any real property, including any church property, in the District of Columbia.

7.    I have not entered any contracts to supply services in the District of Columbia.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 12, 2008, in Baltimore, Maryland

Joseph Showell
Joseph Showell

2

# EXHIBIT E

*Bible Way Church of Our Lord Jesus Christ World Wide, Inc.*
*v.*
*Cornelius Showell, et al.*

Case No. 1:07-cv-001178 (HHK)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD WIDE, INC. )<br><br>Plaintiff, )<br><br>v. )<br><br>CORNELIUS SHOWELL and LAWRENCE CAMPBELL, LYLE DUKES, JOSEPH SHOWELL, Individuals, and HARVEST LIFE CHANGERS WORLD MINISTRIES, A Virginia Corporation )<br><br>Defendants. ) | CA No.: 1:07-cv-00-001178 (HHK) |

### SUPPLEMENTAL DECLARATION OF LYLE DUKES

COMMONWEALTH OF VIRGINIA )
                                                    ) ss:
COUNTY OF PRINCE WILLIAM )

Lyle Dukes, being duly sworn, deposes and states as follows:

1.      I submit this Supplemental Declaration in support of Defendants' Motion to Dismiss the Complaint in the above-captioned matter as against me for lack of personal jurisdiction.

2.      I understand that Plaintiff in the above-captioned matter contends that I am subject to personal jurisdiction in the District of Columbia because I allegedly have property interests in the District of Columbia and because I allegedly have entered contracts to supply services in the District of Columbia.

3.    I do not own any real property, including any church property, in the District of Columbia.

4.    I have not entered any contracts to supply services in the District of Columbia.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 12, 2008, in Woodbridge, Virginia.


Lyle Dukes

2

# EXHIBIT F

*Bible Way Church of Our Lord Jesus Christ World Wide, Inc.*
*v.*
*Cornelius Showell, et al.*

Case No. 1:07-cv-001178 (HHK)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD WIDE, INC.      ) <br> ) <br> ) <br> Plaintiff,      ) <br> ) <br> v.      ) <br> ) <br> CORNELIUS SHOWELL and      ) <br> LAWRENCE CAMPBELL, LYLE DUKES, ) <br> JOSEPH SHOWELL,      ) <br> Individuals, and      ) <br> HARVEST LIFE CHANGERS WORLD ) <br> MINISTRIES,      ) <br> A Virginia Corporation      ) <br> ) <br> Defendants.      ) | CA No.: 1:07-cv-00-001178 <br> (HHK) |

## SUPPLEMENTAL DECLARATION OF LYLE DUKES

COMMONWEALTH OF VIRGINIA      ) <br>
                                        ) ss: <br>
COUNTY OF PRINCE WILLIAM      )

Lyle Dukes, being duly sworn, deposes and states as follows:

1.       I submit this Supplemental Declaration in support of Defendants' Motion to Dismiss the Complaint in the above-captioned as against Harvest Life Changers World Ministries for lack of personal jurisdiction

2.       I understand that Plaintiff in the above-captioned matter contends that Harvest Life Changers World Ministries is subject to personal jurisdiction in the District of Columbia because it allegedly has transacted business in the District of Columbia and because it allegedly has entered contracts to supply services in the District of Columbia.

3.    I provide the information in this Declaration based on my position as Founder and Pastor of Harvest Life Changers World Ministries.

4.    Harvest Life Changers World Ministries has not transacted business in the District of Columbia.

5.    Harvest Life Changers World Ministries has not entered any contracts to supply services in the District of Columbia.

6.    Harvest Life Changers World Ministries has no ownership interest in any property in the District of Columbia.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 12, 2008, in Woodbridge, Virginia.

Lyle Dukes

2

# EXHIBIT G

*Bible Way Church of Our Lord Jesus Christ World Wide, Inc.*
*v.*
*Cornelius Showell, et al.*

Case No. 1:07-cv-001178 (HHK)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD WIDE, INC. ) | |
| Plaintiff, ) | |
| v. ) | CA No.: 1:07-cv-00-001178 (HHK) |
| CORNELIUS SHOWELL and LAWRENCE CAMPBELL, LYLE DUKES, JOSEPH SHOWELL, Individuals, and HARVEST LIFE CHANGERS WORLD MINISTRIES, A Virginia Corporation ) | |
| Defendants. ) | |

### DECLARATION OF FRANKLIN CORNELIUS SHOWELL II

STATE OF MARYLAND    )
                     ) ss:
COUNTY OF BALTIMORE  )

Franklin Cornelius Showell II, being duly sworn, deposes and states as follows:

1.    I provide this Declaration based on my personal knowledge and in support of Defendants' Motion to Dismiss the Complaint in the above-captioned matter for lack of personal jurisdiction.

2.    I am a resident of the State of Maryland.  My address is 400 Patleigh Road, Baltimore, Maryland 21228.

3.    I am the webmaster of the website with the Internet domain name www.biblewayworldwide.org (the "website").

4.     As webmaster, I have direct responsibility for operating and maintaining the website, including posting and managing its contents.

5.     The host server for the website is located in Pittsburgh, Pennsylvania.

6.     The website does not permit users to interact directly with the host server.

7.     The website does not offer for sale or sell any goods or merchandise.

8.     The website does not permit any online purchases of any goods or merchandise by users.

9.     The purpose of the website is to provide basic information about The Bible Way Church of Our Lord Jesus Christ World Wide, Incorporated, including its address and telephone numbers in Maryland, as well as information about its leaders, history, mission, beliefs, and upcoming events. *See* Exhibit A.

10.    All of the information and materials on the website are directed to and accessible by a worldwide audience and are not specifically targeted to residents of the District of Columbia.


I declare under penalty of perjury that the following is true and correct. Executed on December 20 , 2007, in _Baltimore, Maryland_.


_____

Franklin Cornelius Showell II

2