UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD WIDE, INC., <br><br> Plaintiff, <br><br> v. <br><br> CORNELIUS SHOWELL, et al., <br><br> Defendants. | Civil Action 07-01178 (HHK) |

MEMORANDUM OPINION

Bible Way Church of Our Lord Jesus Christ World Wide, Inc. (the "Church") brings this action against defendants Cornelius Showell ("C. Showell"), Lawrence Campbell ("Campbell"), Lyle Dukes ("Dukes"), Joseph Showell ("J. Showell"), and Harvest Life Changers World Ministries ("Harvest Life") (collectively, "defendants") alleging that they used the Church's trademarks in violation of the Lanham Act, 15 U.S.C. §§ 1114 & 1125. Defendants have moved to dismiss for lack of personal jurisdiction. Upon consideration of the motion, the opposition thereto, and the record of this case, the court determines that the motion must be granted with respect to defendants Dukes and Harvest Life and denied with respect to defendants Campbell, C. Showell and J. Showell.

I. BACKGROUND

The Church is an organization of churches incorporated in 1957 under the laws of the District of Columbia and is the owner of the federally registered trademark BIBLE WAY CHURCH OF OUR LORD JESUS CHRIST WORLD-WIDE INC. and two registration

applications for variations of this mark.  According to the Church, in 1991, after the death of its first Presiding Bishop, the Church selected two men to each serve a three-year term as Presiding Bishop.  Campbell served the first term.  During the term of the second Presiding Bishop, the Church asserts that Campbell and several other members violated several of the Church's rules and regulations and, as a result, in 1997, the Church expelled three of the defendants – Campbell, C. Showell and J. Showell.

The Church contends that after these three defendants were expelled, they formed another religious organization with the same name as the Church – The Bible Way Church of Our Lord Jesus Christ World Wide, Inc.  These defendants, the Church asserts, now present their recently-formed religious organization as the original Church, present themselves as agents and officers of the Church, and operate a website with the address www.biblewayworldwide.org (the "website"), all in violation of the Lanham Act.

The Church supports its allegations with printouts from defendants' website.  Pl.'s Ex. A.  The website purports to be that of The Bible Way Church of Our Lord Jesus Christ World Wide, Inc., an organization that "had its inception in September 1957 . . . in Washington, D.C." *Id*.  At the time the Church filed its complaint, the website portrayed Campbell as the Church's "Chief Apostle & Presiding Prelate," C. Showell as the Church's "Apostle & 2nd Vice Presiding Bishop," and J. Showell as the Church's "General Secretary."  *Id*.[1]  At that time, Dukes was the website's registrant and Harvest Life was the registrant organization.  Pl.'s Ex. D.  The Church also submitted a complaint filed by Campbell and C. Showell in a South Carolina court in

---

[1] The Church attached copies of the website's appearance on May 30, 2007 to its opposition.  Pl.'s Ex. A.  Defendants do not dispute the authenticity of these attachments.

October 2006 in which the named plaintiffs were the Church, Campbell and C. Showell.  Pl.'s Ex. E.  The pleadings in that case alleged that the plaintiffs were a District of Columbia corporation and its agents.  *Id*.  The Church asserts that it has been unable to determine if defendants have incorporated their organization in any manner or place.

## II. ANALYSIS

Defendants have moved pursuant to FED. R. CIV. P. 12(b)(2) to dismiss the Church's action for lack of personal jurisdiction denying any relevant contacts with the District of Columbia.  The Church rejoins that the court has both general and specific personal jurisdiction over defendants because defendants hold themselves out as controlling officers of a District of Columbia corporation and operate a website that provides advertising in the District of Columbia.  The Church is correct that the court has general personal jurisdiction over Campbell, C. Showell and J. Showell.  The court does not have jurisdiction over Dukes and Harvest Life.

**A.     Pertinent Principles of Law Regarding Personal Jurisdiction**

The plaintiff bears the burden of making a *prima facie* showing that the court has personal jurisdiction over each defendant.  *Naegele v. Albers*, 355 F. Supp. 2d 129, 136 (D.D.C. 2005)  (*citing Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001)).  To make such a showing, the plaintiff is not required to adduce evidence that meets the standards of admissibility reserved for summary judgment and trial; rather, she may rest her arguments on the pleadings, "bolstered by such affidavits and other written materials as [she] can otherwise obtain."  *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005).  In determining whether personal jurisdiction exists, the court should resolve factual disputes in the plaintiff's favor, *Helmer v. Doletskaya*, 393 F.3d 201, 209 (D.C. Cir. 2004), although it need not accept a plaintiff's "conclusory statements."  *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1349 (D.C. Cir. 2000).

3

The jurisdictional reach of a federal court is the same as that of a state or local court of general jurisdiction in the forum where the federal court sits. *See* FED. R. CIV. P. 4(k)(1)(A); *Crane v. Carr*, 814 F.2d 758, 762 (D.C. Cir. 1987). There are two types of personal jurisdiction under District of Columbia law – general and specific. The court may exercise general personal jurisdiction over a person "domiciled in, organized under the laws of, or maintaining [a] principal place of business in, the District of Columbia as to any claim for relief." D.C. CODE § 13-422. The court may exercise specific personal jurisdiction over a non-resident if jurisdiction is applicable under the District of Columbia's long-arm statute. *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995). Under this statute, the court may exercise jurisdiction over a person who "cause[s] [a] tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." D.C. CODE § 13-423(a)(4).

Whether asserting general or specific personal jurisdiction, as a second step a plaintiff must make a *prima facie* showing that the court's exercise of jurisdiction satisfies the constitutional requirements of due process. *See* U.S. CONST. amends. V & XIV; *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Due process is satisfied where a plaintiff shows "minimum contacts" between the defendant and the forum, ensuring that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co.*, 326 U.S. at 316. Under this standard, "the defendant's conduct and connection with the forum state [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

**B.      The Court Has Personal Jurisdiction Over Campbell, C. Showell and J. Showell.**

Campbell, C. Showell and J. Showell hold themselves out as controlling officers of the Church, a District of Columbia corporation, and therefore the exercise of general personal jurisdiction over them satisfies both District of Columbia law and the Constitution.[2]

*1. District of Columbia Law*

The Church contends that the court has general personal jurisdiction over defendants because defendants Campbell, C. Showell and J. Showell have held themselves out as controlling members and officers of the Church, a District of Columbia corporation.[3]  Defendants argue that the court does not have personal jurisdiction over them as individuals because personal jurisdiction over a corporation does not flow automatically to its agents.  The Church rejoins that defendants' organization is not in fact incorporated and that defendants as individuals, and not any corporate entity, are misappropriating the Church's name.  The Church is correct.

Under District of Columbia law, the court has general personal jurisdiction over organizations incorporated under the laws of the District of Columbia.  D.C. CODE § 13-422; *Richard v. Bell Atlantic Corp.*, 946 F. Supp. 54, 68 (D.D.C. 1996) ("the Court may have general personal jurisdiction because [the defendant] is . . . organized under the laws of . . . the District").

---

[2]  While in its complaint, the Church only alleges that the court has jurisdiction under section (a)(4) of the District of Columbia's long-arm statute, in its opposition, the Church alleges sufficient facts to sustain personal jurisdiction under the general jurisdiction of the court. Because the court has general personal jurisdiction over defendants Campbell, C. Showell and J. Showell, it does not consider whether it would also have specific personal jurisdiction over these defendants.

[3]  The Church does not contend that defendants Dukes or Harvest Life have held themselves out as officers of the Church.  Therefore the court does not have general personal jurisdiction over these defendants.

5

The corporation *"ordinarily* insulates the individual employee from the court's personal jurisdiction." *Wiggins v. Equifax Inc.*, 853 F. Supp. 500, 503 (D.D.C. 1994); *see also Overseas Partners, Inc. v. Progen Musavirlik ve Yonetim Hizmetleri, Ltd.*, 15 F. Supp. 2d 47, 51 (D.D.C. 1998) (*citing Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984)). This doctrine is termed the "fiduciary shield."

The fiduciary shield is an equitable doctrine that "serves to prevent the perceived unfairness of forcing an individual to defend a lawsuit brought against him personally in a forum in which he performed the only relevant contacts for the benefit of his employer and not for his own benefit." *In re Vitamins Antitrust Litig.*, 2001 WL 855469, at *3 (D.D.C. July 2, 2001) (internal citations omitted). When a question arises regarding the doctrine's applicability, the key to its resolution is fairness. *Id*. An exception exists "where affiliated parties are 'alter egos' of a corporation over which the Court has personal jurisdiction," in which case, "the corporation's contacts may be attributed to the affiliated party for jurisdictional purposes." *Shapiro, Lifschitz & Schram, P.C. v. Hazard*, 24 F. Supp. 2d 66, 70 (D.D.C. 1998); *see Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 413 (5th Cir. 2004) ("Because the corporation and its individual alter ego are the *same entity*, the jurisdictional contacts of one *are* the jurisdictional contacts of the other . . . .") (internal citations omitted). A defendant is the alter ego of a corporation where the plaintiff alleges 'that the separateness of the persons and the corporation has ceased and an adherence to the fiction of the separate existence would sanction a fraud or promote injustice." *Shapiro*, 24 F. Supp. 2d at 70 n.3 (*quoting Camacho v. 1440 Rhode Island Ave. Corp.*, 620 A.2d 242, 249 (D.C. 1993)).

Campbell, C. Showell and J. Showell do not deny that they have held themselves out as controlling officers of an organization incorporated in the District of Columbia. As an organization incorporated in the District of Columbia, the court has general personal jurisdiction over the organization these defendants purport to lead. *See* D.C. CODE § 13-422; *Richard*, 946 F. Supp at 68.[4] The Church alleges that there is no actual corporation under which these defendants operate and that it is defendants themselves who make the misrepresentation and misappropriations of the Church's name in the guise of a corporation. These allegations are sufficient to show that there is no separate entity on behalf of which the defendants act. *See Shapiro*, 24 F. Supp. 2d at 70 n.3. Where the Church's allegations "indicate the absence of a separate corporate entity, and in the interests of fundamental fairness, the Court will not apply the fiduciary shield doctrine to prevent the exercise of jurisdiction over the defendants." *See Johns v. Rozet*, 770 F. Supp. 11, 18-19 (D.D.C. 1991).[5] Therefore, the organization's contacts may be attributed to these defendants for jurisdictional purposes. *See Shapiro*, 24 F. Supp. 2d at 70 n.3; *Compaq Computer Corp.*, 387 F.3d at 413. Because the court would have jurisdiction over the

---

[4] Whether or not defendants in fact are officers of a District of Columbia corporation, the key jurisdictional facts are defendants' assertions that they are officers of a District of Columbia corporation. *See Wright v. Maersk Line, Ltd.*, 2000 WL 744370, at *1 (S.D.N.Y. June 9, 2000) (holding that even if the defendant does not actually maintain an office in New York, but merely holds itself out as having one, it is properly deemed to be "doing business" in New York and thus subject to the court's personal jurisdiction) (citing *N.Y. Marine Managers, Inc. v. M.V. Topor-1*, 716 F. Supp. 783, 785-86 (S.D.N.Y. 1989)).

[5] Moreover, application of the fiduciary shield doctrine to these defendants would not serve the interests of fairness. The doctrine is designed to shield those employees whose acts in the forum were taken for the benefit of their employer. *See In re Vitamins Antitrust Litig.*, 2001 WL 855469, at *3. Here, the Church alleges that Campbell, C. Showell and J. Showell harmed it not through their actions for the benefit of any corporation, but through their individual actions for their own benefit.

organization these defendants purport to lead, the court has personal jurisdiction over Campbell, C. Showell and J. Showell under District of Columbia law.

### 2. Due Process

The Church argues that personal jurisdiction over defendants would not offend due process because defendants' business in the District of Columbia qualifies as sufficient minimum contacts under the Constitution.[6]  Although the Church's argument on this point is vague, the Church has alleged sufficient facts to satisfy the requirements of due process.

Under the due process analysis, a plaintiff may make a *prima facie* showing that a defendant has sufficient "minimum contacts" with a forum by showing that the defendant has purposefully availed herself of the benefits and protections of the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985). Here, the Church alleges that Campbell, C. Showell and J. Showell have held themselves out as controlling officers of a District of Columbia corporation. The Church also contends that Campbell and C. Showell filed suit in a South Carolina court presenting themselves as officers of a organization incorporated in the District of Columbia.

By holding themselves out as officers of an organization incorporated in the District of Columbia, Campbell, C. Showell and J. Showell have asserted their entitlement to the benefits and protections afforded to District of Columbia corporations. As such, Campbell, C. Showell and J. Showell have "purposefully availed [themselves] of the . . . benefits and protections of

---

[6] Defendants do not specifically address the propriety of asserting personal jurisdiction over them under the due process clause based on their status as controlling officers of an organization purportedly incorporated in the District of Columbia beyond invoking the fiduciary shield. As explained in the previous subsection, the fiduciary shield does not apply to this case.

D.C. laws," and they "should reasonably anticipate being hailed into court here." *See Helmer*, 393 F.3d at 206 (*quoting Burger King*, 471 U.S. at 474-75).

**C.     The Court Does Not Have Personal Jurisdiction Over Dukes or Harvest Life.**

The Church contends that the court has specific personal jurisdiction over all defendants under section (a)(4) the District of Columbia's long-arm statute, D.C. CODE § 13-423(a)(4), because they persistently provide advertising over the Internet to users, consumers, and advertisers in the District of Columbia.[7]  These contacts, the Church asserts, are sufficient to satisfy the requirement of the long-arm statute, namely that defendants engage in a persistent course of conduct in the District of Columbia.  Defendants contend that their website does not constitute a persistent course of conduct in the District of Columbia because it is a "passive" website that is hosted on servers located outside the District of Columbia.  Defendants' are correct.

Section 13-423(a)(4) of the D.C. Code permits jurisdiction over a person who causes a tortious injury in the District of Columbia by an act outside of the District of Columbia if she does one of the following in the District of Columbia:  (1) regularly does or solicits business, (2) engages in any persistent course of conduct, or (3) derives substantial revenue from goods used or consumed, or services rendered.  "[T]he mere maintenance of a website accessible to Internet users in the District does not amount to 'any persistent course of conduct' within the meaning of the long-arm statute." *Kline v. Williams,* 2006 WL 758459, at *4 (D.D.C. March 23, 2006).  For a website to constitute a persistent course of conduct within the District of Columbia, it must

---

[7] Because the court has general personal jurisdiction over Campbell, C. Showell and J. Showell it decides this question only with respect to Dukes and Harvest Life.

meet a certain level of interactivity. *GTE New Media Servs.*, 199 F.3d at 1349-50. At the very least, it must "allow browsers to interact directly with the web site on some level." *Blumenthal v. Drudge*, 992 F. Supp. 44, 56 (D.D.C. 1998).

Because the Church has failed to show that defendants' website is in any way interactive with users in the District of Columbia, the Church has not made a *prima facie* case for the court's assertion of personal jurisdiction over Dukes and Harvest Life. *See Kline*, 2006 WL 758459, at *4; *Blumenthal*, 992 F. Supp at 56.[8]

### D.     Jurisdictional Discovery Is Not Warranted.

The Church requests to take discovery to establish personal jurisdiction should the court find its allegations deficient. Jurisdictional discovery is justified if a plaintiff "demonstrates that it can supplement its jurisdictional allegations through discovery." *GTE New Media Servs.*, 199 F.3d at 1351. "[I]t is not error to deny jurisdictional discovery when the record indicates there is nothing to be gained from the effort." *Fasolyak v. The Cradle Soc'y, Inc.*, 2007 WL 2071644, at *10 (D.D.C. July 19, 2007). The Church has not explained with any specificity what discovery might disclose with respect to Dukes and Harvest Life. Because the Church has not demonstrated that jurisdictional discovery would lead to relevant evidence, the court declines to order such discovery.

---

[8] The Church makes no specific allegations that Dukes and Harvest Life transact business in the District, contract to supply services in the District, or have an interest in, or use or possess real property in the District and so the court does not analyze personal jurisdiction under these prongs of the District of Columbia's long-arm statute. *See* D.C. CODE § 13-423(a)(1), (2) & (5).

## III.  CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is denied with respect to defendants Campbell, C. Showell and J. Showell and granted with respect to defendants Dukes and Harvest Life.  An appropriate order accompanies this memorandum opinion.


                                    Henry  H. Kennedy, Jr.
                                    United States District Judge